Nettie A. Lawless *et al.*, Respondents, v. P. J. Lawless, Appellant.

Kansas City Court of Appeals, March 3, 1890.

1.  **Trial, Practice:** MOTION TO STRIKE OUT AMENDED PETITION : WAIVER.  Where a motion to strike out an amended petition on the ground that it sets up a different cause of action from the original is overruled, and defendant answers, he waives all exception on the motion.

2. ———: DEFECT OF PARTIES, WHEN NOT: AGENT'S LIABILITY. Though three joint owners of land employ an agent to sell the same, yet if the interest of each owner is understood between him and them, and it appears he was to account to each separately for their respective interests, he is liable to each separately for such interest realized at the sale.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Buller & Timmonds*, for the appellant.

(1) Filing the amended petition in this cause amounted to an abandonment of the cause of action stated in the original petition, and defendant's motion to strike out should have been sustained. *Parker v. Rhodes*, 79 Mo. 88. (2) There was a defect of parties in this action, as shown by the testimony. The agreement, under which defendant acted in selling the land, was made with Watrous and his two daughters together, to sell all their interest, and they were jointly entitled to the net proceeds of the sale. Hence, the plaintiffs in this case suing alone cannot maintain the action, and the instruction asked by defendant at the close of the evidence should have been given. *Clark v. Cable*, 21 Mo. 223; *Little v. Harrington*, 71 Mo. 390; *Yates v. Johnson*, 87 Mo. 213; *Judy v. Bank*, 70 Mo. 407; *McAllin v. Woodcock*, 60 Mo. 174. (3) The instructions numbered two and three, asked by defendant and refused by the court, should have been given, because as to the proceeds of the five-hundred-dollar note and mortgage, the cause of action, if plaintiffs have any, did not exist at the time the suit was commenced. *Brown v. Shock*, 27 Mo. App. 351; *Mason v. Barnard*, 36 Mo. 384; *Hearn v. Keath*, 63 Mo. 84; *Sharp v. Emmitt*, 6 Wharton (Pa.) 288; Story on Agency, sec. 206; Dunlap's Paley on Agency [4 Am. Ed.] p. 39.

*Thurman & Wray*, for the respondents.

(1) The interest of the plaintiff, in the property sold by defendant, was the undivided one-fourth as " tenant in common; " a several, and not a joint, interest. She seeks to maintain an action for the conversion of her interest in the purchase price, not upon any contract with defendant. The appointment of defendant to sell the land is not a joint contract, in the meaning of the term. 1 Parsons on Contracts, 13 and notes *e* and *f*. (2) Before .the commencement of this suit, the defendant had discharged all claim of Alvey Watrous, and Orpha Lawless, defendant's wife, the co-tenants of plaintiff. They had no claim against him, and there is no reason why they should have been made parties to this suit. (3) A motion to strike out a petition is in the nature of a demurrer, and, if a party answers, and goes to trial after such motion is overruled, he waives his right under the motion. *Silver v. Railroad*, 21 Mo. App. 5; *Hill v. Morris*, 21 Mo. App. 256; *Scovill v. Glassner*, 79 Mo. 449; *Fuggle, Adm'r, v. Hobbs*, 42 Mo. 541.

ELLISON, J.—Plaintiff Nettie, her sister (who is defendant's wife) and their father owned two hundred acres of land in Kansas which had come to them through the deceased mother of the two girls. They engaged defendant to sell the same for them and gave him a deed which he delivered to the purchaser. Plaintiff Nettie charges that defendant converted her portion of the proceeds to his own use and brings this action to recover the same. She was successful below and defendant appeals.

The evidence tended to show, and by the verdict we will assume the jury so found, that defendant sold the land for eight hundred ($800) dollars, three hundred ($300) dollars in cash and five hundred in a note and

mortgage. That defendant falsely represented to plaintiff that he had sold one hundred and twenty acres of the land only for five hundred ($500) dollars but had to pay out for tax liens three hundred dollars and twenty-five dollars expenses. That he thereupon paid the father seventy-five dollars, and gave his note to plaintiff for fifty-six dollars, signed by himself and wife, and gave a note for the same amount to his wife. The note to plaintiff was delivered to her father, and afterwards, by some means, found its way into the defendant's trunk. It was not paid. The evidence further tended to show that defendant was not authorized to take the note and mortgage in the name of his wife, and that since the commencement of this suit it had been paid to defendant's wife.

Plaintiffs filed a second amended petition. The first amended petition does not appear in the record, and defendant by motion asked the court to strike out the last petition as setting up a different cause of action from the original. This being overruled, defendant filed his answer, by which act he waived all exception on the motion. *Scovill v. Glassner*, 79 Mo. 449.

The only point in the case which presents any serious question is that relating to defect of parties plaintiff. Defendant contends that his employment to sell the land was a joint contract made by the two sisters and father and that therefore the cause of action is joint. But an examination of the evidence clearly shows that while they all engaged him to sell the land, he was to account to each separately for their respective interests, the amount of which was understood between him and them. He thereby, in our opinion, became liable to each separately for such interest realized at the sale. We do not wish to be understood as saying that the defendant's evidence, in direct or express language, shows this to have been the understanding. But it is the clear inference from what is shown by him

and is the only reasonable inference which can be drawn. Aside from this, however, such was the direct testimony on the part of the plaintiff and it is not disputed or denied by defendant.

The other questions as to defendant's authority to take a note and mortgage in the sale of the land, and as to a settlement had with plaintiffs, were properly submitted in instructions.

A careful examination of defendant's authorities and argument have failed to satisfy us that the judgment should be disturbed and it is accordingly affirmed. All concur.