[Civil No. 436.    Filed September 21, 1896.]

[46 Pac. 74.]

THE CONSOLIDATED CANAL COMPANY, Defendant and Appellant, v. A. J. PETERS, Plaintiff and Appellee.

1. PLEADING—EVIDENCE—VARIANCE—TRIAL—LEAVE TO AMEND—AFTER CLOSE OF EVIDENCE—DISCRETIONARY.—The action of the trial court in permitting plaintiff to amend his complaint to conform to the evidence, after the close of plaintiff's evidence and motion by defendant for dismissal of the action for variance between pleading and proof, is discretionary.

2. JOINT-STOCK COMPANY—MEMBERS—PARTNERS—ACTION — PARTIES — NECESSARY.—Shareholders in an unincorporated joint-stock company are partners, and ordinarily the members must all be joined in a suit upon a contract entered into between such members and a third party.

3. SAME—CONTRACTS—JOINT OR SEVERAL—ASSUMPTION OF DUTY TO RESPECTIVE PARTIES — SEVERAL—ACTION — PARTIES.—A contract between members of an unincorporated joint-stock company and defendant, in which defendant agreed "to deliver water to the respective parties," must necessarily be construed as a contract wherein, if any damage occurred thereunder to any of the parties thereto, such party could maintain his suit for such damages without joining the other parties.

4. SAME—SAME—SAME—SAME — CONSTRUCTION — SEVERAL — ACTION—
   PARTIES.—Where the language of a contract requires the obligor to
   account to each of the obligees, respectively, or, by the use of any
   words, imports a separate right of action, the contract is several,
   and each obligee may sue thereon.

5. IRRIGATION—DAMAGES FOR FAILURE TO DELIVER WATER—SPECIAL CON-
   TRACT—PLEADING—COMPLAINT—FAILURE TO STATE CAUSE OF ACTION.
   —A complaint in an action for damages for failure to deliver irri-
   gating water to a particular tract of land, setting up a contract
   wherein defendant agrees to deliver water to the plaintiff at and on
   the basis rate of not less than three shares for the necessities of a
   quarter-section, said water being in the river, it being understood
   that in case of low water the defendant is to deliver the amount
   of water that the Utah Canal would or could deliver if they were in
   full control, and alleging that the tract was a part of the premises
   upon which the water was to be delivered under such contract, and
   that defendant failed, neglected, and refused to deliver water at the
   rate specified in the contract, or sufficient water to mature the crops
   upon said premises, there being water in the river, capable of being
   diverted by defendant, sufficient therefor; and that in the period of
   low water defendant failed, neglected, and refused to deliver to said
   premises the amount of water that the Utah Canal would or could
   deliver if they were in full control, and by reason, etc., fails to state
   a cause of action. Plaintiff fails to allege that he ever requested
   defendant to deliver water to him at any place; that he did not get
   all the water he contracted for; that the water contracted for was
   not delivered to plaintiff at some other point; fails to state the
   quantity necessary to irrigate said land, or the quantity actually
   delivered, nor is the difference capable of being computed; nor is
   there any allegation as to how much, or whether any quantity, could
   or would have been received by the plaintiff from the Utah Canal in
   periods of low water.

6. PLEADING—BREACH OF CONTRACT—FAILURE TO STATE CAUSE OF ACTION
   —HOW REACHED.—A complaint that totally fails to state a breach
   of the contract sued on states no cause of action, and a failure to
   state a cause of action may be availed of by demurrer, by objection
   to the evidence, by motion for judgment on the pleadings, by motion
   in arrest of judgment, or on motion for a new trial.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
A. C. Baker, Judge. Reversed.

Statement of facts:—

This is an action brought by the appellee, A. J. Peters, to
recover of the appellant, the Consolidated Canal Company, the
sum of five thousand dollars damages for the loss and destruc-

tion of appellee's crop of grain on section 17, township 1 south, range 5 east, in Maricopa County, for the crop-raising season of 1893. The destruction of said crop is, in the original complaint filed herein, alleged to have been caused by the failure of the appellant to furnish the appellee the necessary amount of water at proper times during the crop-raising season of 1892-1893 to produce a mature crop on the lands aforesaid. It is alleged in substance in the original complaint that for the agreed price of fifty cents per acre for the land above described, to be paid by the appellee to the appellant, the appellant agreed to carry and convey from the Salt River, and deliver to the said appellee, upon the land described, the amount of water which the said appellee was and should be entitled to receive and use upon said lands by virtue of his appropriation, for and during the space of one year from the first day of September, 1892, and while there was flowing in said Salt River at a point where the said appellant, by its said canal, diverts water from said Salt River, ample and abundant water to supply the needs and requirements of said appellee in respect to said premises, and to which said water the appellee was entitled by virtue of his appropriation, and which said water was necessary and essential to the production of a crop upon said premises; that appellant failed, neglected, and refused to carry and convey said water from said Salt River to said premises, and failed, neglected, and refused to deliver the said water to the appellee's premises; and that by reason thereof, it is alleged in said original complaint, the crops of the appellee, planted and sowed upon said land, failed to mature, develop, and ripen, and were wholly dried up, lost, and destroyed. To this original complaint the appellant demurred, and alleges, as a ground of demurrer, that said original complaint does not state facts sufficient to constitute a cause of action. Said demurrer was by said court overruled, and the appellant excepted. The appellant further answered said original complaint, denying each and every allegation therein contained. Upon the trial of said action, after appellee had introduced in evidence the written contract, the basis of said action as alleged in said original complaint, the appellant moved to dismiss said action on the ground of a material variance between the proof and the allegations in the complaint. Thereupon the court announced that he would sustain

the motion.  The appellee at once requested the court not to make the ruling absolute, and to allow him time to amend his original complaint.  The court then adjourned the case until the following Monday, and gave appellee leave to amend his original complaint herein, to which ruling the appellant then and there duly excepted.  The appellee then filed his amended complaint, alleging that he was the owner of certain shares of stock in the Utah Enlargement and Extension Company and the Eureka Canal Company, joint-stock associations owning and operating certain canals or irrigating ditches running from the said Salt River to a point near said section seventeen (17), by means of which said canals or irrigating ditches, and by virtue of the ownership of said shares of stock, said appellee had received the waters from the said Salt River so diverted and applied, and appropriated by him for the irrigation of said premises; that on the thirtieth day of September, 1892, the appellant entered into a contract in writing by its president, A. J. Chandler, with the appellee and others, which contract was in words and figures as follows, to wit:—

"This agreement, made and entered into this 30th day of September, A. D. 1892, by and between the Consolidated Canal Company, by its president, A. J. Chandler, party of the first part, and A. J. Peters, E. Olsen, L. Harmon, George Drew, A. Marshall, W. W. Dobson, J. S. Watrous, F. T. Powers, M. Wals, J. Newman, J. L. Wesson, P. Eisenbise, N. Peterson (trustee), C. T. Springer, W. W. Dobson (trustee), C. Siegel (trustee), J. R. Andrews, A. J. Huston, parties of the second part, owners, shareholders, or renters of the Utah Canal Enlargement and Extension Company and the Eureka Canal Company, is as follows: We, the parties of the second part, rent our respective shares, or the shares we have rented to said party of the first part, for the ensuing year; and I, A. J. Chandler, president, party of the first part, agree to keep up all assessments levied against all of the shares hereto assigned, during the term hereof, and to deliver water to the respective parties hereto at and on the basis rate of not less than three (3) shares for the necessities of a quarter section, said water being in the river.  And we, the parties of the second part, hereby give the first party our respective proxies to vote our respective shares during the term hereof, on matters pertaining to assessments only.  The above shall not be construed as

to interfere with the board of directors and secretary from carrying out the contract made between the Utah Irrigating Ditch Company and the Alma Irrigating Ditch Company, and as modified by the subsequent agreements, or from making agreements and fixing the time for the necessary cleaning of the Utah Canal Extension and Eureka Canal. It being understood that in case of low water said first party is to deliver that amount of water that the Utah Canal would or could deliver if they were in full control. And in case said first party fails to deliver water, same being in the river, then these presents shall be null and void. In witness whereof, we have hereunto set our hands and seals the day and year first above written. Consolidated Canal Company. A. J. Chandler, President.

| Name. | Number of Shares. |
|---|---|
| "Alfred J. Peters | 18 |
| "Alfred J. Peters | 2 |
| "Ellingsen, per A. J. Peters | 2 |
| "George A. Brew, B. Heyman | 5 |
| "George A. Brew, H. N. McLoagall | 6 |
| "George A. Brew, J. S. Armstrong | 2 |
| "J. Newman, per F. T. Powers | 3 |
| "M. Walsh, per F. T. Powers | 3 |
| "F. T. Powers | 3 |
| "N. Peterson, Trustee Ruffs | 8 |
| "N. Peterson, B. Heyman | 3 |
| "N. Peterson | 6 |
| "C. T. Springer, 4 Old Utah & Extension; 2 Utah Extension (6) | 6 |
| "P. J. Eissenbise | 3 |
| "B. W. Westover | 3 |
| "A. J. Huston | 4 |
| "George Bauer (Bauer) | 2" |

In said amended complaint it was alleged that said shares of stock in the Utah Canal Enlargement and Extension Company and the Eureka Canal, mentioned in said contract and agreement, were and are the majority of the shares of stock in said company and canals. It is further alleged that the appellant entered into the possession and control of the canal of the Utah Canal Enlargement and Extension, and the

Eureka Canal, with their connections, and that said appellant remained in possession and control thereof until July 1, 1893. It is also alleged in said amended complaint that section 17 aforesaid was a part of the premises upon which the said water was to be delivered by the appellant, according to the terms of said contract, during the crop-raising season of 1893; that the said appellant, contrary to his agreement, undertakings, and promises, failed, neglected, and refused to deliver water to the appellee, upon the premises described in said amended complaint, upon the basis rate of not less than three of the shares mentioned in said contract for the necessity of a quarter-section of said premises during the crop-raising season of 1892-1893, and that the appellant failed, neglected, and refused to deliver to the appellee, upon said premises, sufficient water to irrigate the crops growing upon said premises during the crop-raising season of 1892-1893, when there was flowing in said Salt River, where the same could be diverted to said premises, water sufficient for said purpose, and for which purpose the appellee had, by said contract, rented to said appellant three of said shares of stock for each quarter-section of land, and that the appellant failed, neglected, and refused to perform each and every obligation of said contract, and that in the period of low water in said Salt River during the crop-raising season of 1892-1893 the said appellant failed, neglected, and refused to deliver to said appellee, upon said premises, the amount of water that the Utah Canal would or could deliver if they were in full control, and by reason of which appellee's crops sowed upon said premises failed to develop, mature, and ripen, and were wholly dried up, lost, and destroyed.

To this amended complaint the appellant demurred: First, from defective parties, in that said contract was jointly executed by the plaintiff and others; that said complaint should join all of the named parties to said contract. Further, that said amended complaint did not state facts sufficient to constitute a cause of action. This demurrer was by the court overruled, to which ruling the appellant duly excepted. Appellant then answered the amended complaint herein: First, that there were defective parties, in that all the parties were not joined, and asked that upon that ground the action be dismissed, which was denied, and to which the appellant duly

excepted; and the appellant further answered the amended complaint herein, denying each and every allegation in said amended complaint contained. Upon the trial of said cause a verdict was rendered for the appellee, and against the appellant for the sum of five hundred dollars, appellee's costs being taxed at $630.60. Judgment was rendered for the amount of said verdict and costs. A motion for a new trial was duly filed, and overruled by the court to which ruling the appellant duly excepted, and thereupon this appellant appealed to this court.

C. F. Ainsworth, W. H. Barnes, and J. D. Pope, for Appellant.

When there is a question of a lack of proof the question of amendment does not cure that defect, and the rule is that the action should be dismissed. *Johnson* v. *Moss,* 45 Cal. 515; *Dougherty* v. *Mathews,* 35 Mo. 520, 88 Am. Dec. 126; *Carson* v. *Cummings,* 69 Mo. 325; *Sheehy* v. *Mandeville,* 7 Cranch, 208; *Nichols* v. *Larkin,* 79 Mo. 264.

Judges are not required to submit a case to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant a jury in finding a verdict in favor of the party introducing such evidence. It is not a question whether there is literally any evidence, but whether there is any evidence upon which the jury can properly proceed to find a verdict for the parties introducing it upon whom the burden of proof is imposed. *Commissioners* v. *Clark,* 94 U. S. 278; *Colt* v. *Sixth Avenue R. R. Co.,* 47 N. Y. 671; *Brooks* v. *Summerville,* 106 Mass. 271; *Reed* v. *Deerfield,* 8 Allen, 522; *Todd* v. *Old Colony R. R. Co.,* 7 Allen, 207, 83 Am. Dec. 679; *Gavitt* v. *Manchester R. R. Co.,* 16 Gray, 501, 77 Am. Dec. 422; *Morgan* v. *Durfree,* 69 Mo. 469, 33 Am. Rep. 508; *Connor* v. *Giles,* 76 Me. 732; *Rourke* v. *Bullens,* 8 Gray, 549; *Herbert* v. *Butler,* 97 U. S. 319; *Bowditch* v. *Boston,* 101 U. S. 553; *Greggs* v. *Houston,* 104 U. S. 553; *Simmons* v. *Chicago,* 110 Ill. 340; *Geary* v. *Simmons,* 39 Cal. 224; *Vanderford* v. *Foster,* 65 Cal. 49.

The failure to state a cause of action may be availed of by demurrer, by objection to evidence, by motion for judgment on the pleadings, by motion in arrest of judgment, or on

motion for a new trial; it is never waived. *Kelly* v. *Kriess,*
68 Cal. 210, 9 Pac. 129; *Silcox* v.. *Lang,* 78 Cal. 118, 20 Pac.
297; *Richards* v. *Travelers Ins. Co.,* 80 Cal. 505, 22 Pac. 939;
*San Francisco* v. *Pennie,* 93 Cal. 465, 29 Pac. 66.

W. J. Kingsbury, Millay & Bennett, and Cox & Street, for
Appellee.

The matter of permitting the plaintiff to amend was one
purely within the discretion of the court. *Tryon* v. *Sutton,*
13 Cal. 490; *Bank* v. *Stover,* 60 Cal. 387; *Clark* v. *Phœnix Ins.
Co.,* 36 Cal. 176; *Valentine* v. *Couch,* 32 Cal. 340, 91 Am. Dec.
589; *Bell* v. *Knowles,* 45 Cal. 193.

HAWKINS, J. (after stating the facts).—I do not deem it
necessary to review the action of the court below in sustaining
the motion of plaintiff, after the evidence was closed on the
trial of the original complaint, to be allowed to amend his com-
plaint. This action was in the discretion of the court below.
The contract set out in the amended complaint was executed
on the 30th of September, A. D. 1892, and declared to be for
the ensuing year. In the closing part of the third subdivision
of said complaint it is alleged that the said contract was made
for "the crop-raising season of 1892." This is probably a
clerical error. If I so treat it, then the pleadings should be
considered on their merits. It is shown on the face of the
complaint that the plaintiff and others therein named were
shareholders in an unincorporated joint-stock company; and
it sets out a contract made by the several individual stock-
holders with the defendant to do certain things. As the share-
holders in such a company are partners (Lindley on Partner-
ship, p. 5; *Smith* v. *Warden,* 86 Mo. 382; *Richardson* v. *Pitts,*
71 Mo. 128; *Martin* v. *Fewell,* 79 Mo. 401; *Hurt* v. *Salisbury,*
55 Mo. 310; *Pettis* v. *Atkins,* 60 Ill. 454; *Flagg* v. *Stowe,*
85 Ill. 164; *Hodgson* v. *Baldwin,* 65 Ill. 532), and, as a gen-
eral rule, the members, however numerous, must join in the
suit on such contract (Dicey on Parties, 151), yet, as the
contract in the case at bar shows that the parties of the second
part rented their respective shares to the party of the first
part, and "party of the first part agrees . . . to deliver water
to the respective parties," it must necessarily be construed as
a contract wherein, if any damage occurred thereunder to any

of the parties thereto, such party could maintain his suit for such damages without joining the other parties. Whether a contract is several or joint is a question of construction. Generally, where there are joint obligees the contract is joint. Where, however, the language of the contract requires the obligor to account to each of the obligees, respectively, or, by the use of any words, imports a separate right of action, the contract is several, and each obligee may sue thereon. *Lawless* v. *Lawless*, 39 Mo. App. 539; 17 Am. & Eng. Ency. of Law, 566. Joint-stock companies and unincorporated companies, as will be seen from the authorities *supra*, are generally treated as, and have all the attributes of, a common partnership, yet a mere joint ownership or community of interest in property does not necessarily constitute a partnership, though the income from it is divided. 17 Am. & Eng. Ency. of Law, p. 859. And even if the association of persons described as the party of the "second part" in the contract with the appellant do constitute a partnership, an obligor may render himself liable to each individual member of the partnership separately, as was done in the contract set out in the amended complaint. The objection that there was a nonjoinder of parties plaintiff is not, for the reasons above given, well taken, and the court below did not commit error in overruling it.

If the contract be construed as one for the delivery of so much water to each individual of the second part, and that each one could maintain an action thereon, without joining the others with him, for the damages he might have sustained, the complaint in this case fails to state a cause of action, for nowhere therein is it alleged that plaintiff ever requested defendant to deliver water to him at any place. It is not alleged that plaintiff did not get all the water he contracted for. It is alleged that defendant failed to deliver water on section 17 sufficient to raise a crop, but it does not appear from the contract that the water was to be delivered on that section. Defendant may have delivered it to plaintiff at some other point. It is further alleged that defendant did not deliver sufficient water. The quantity necessary to irrigate plaintiff's land is not stated in the complaint, nor is the quantity which the defendant did deliver stated, nor is the difference capable of being computed. It is nowhere stated in the contract on what land, or where, the water should be delivered by defendant.

The complaint states that the premises described therein, and on which it was claimed defendant failed to deliver the water, was a part of the premises upon which the water was to be delivered; and though the complaint states that it failed to deliver sufficient water upon that part to raise a crop for the cropping season of 1892-1893 (which the contract nowhere binds the defendant to do), it does not state that all the water plaintiff was entitled to receive from defendant was not delivered on the other part or parts of the premises. But if we construe the following allegation in the complaint: ''And failed, neglected, and refused to deliver to said plaintiff, upon said premises (section 17), sufficient water to irrigate the crops growing upon said premises, when, during the crop-raising season of 1892-1893, there was flowing in said Salt River, at a point where the same could be diverted therefrom to said premises, water sufficient for said purpose,'' etc.,— into an allegation that there was such quantity of water in the river as contemplated there should be by the terms of the contract, yet the complaint further states that at periods of low water the defendant refused to deliver that amount of water which the Utah Canal would or could deliver to plaintiff if it (the Utah Canal) was in full control; but nowhere is there any allegation as to how much, or whether any quantity, could or would have been received by the plaintiff from said Utah Canal. A complaint that totally fails to state a breach of the contract sued on states no cause of action, and a failure to state a cause of action may be availed of by demurrer, by objection to evidence, by motion for judgment on the pleadings, by motion in arrest of judgment, or on motion for a new trial. This suit seems to have been prosecuted upon the theory that the defendant was bound, under the contract, to deliver sufficient water to plaintiff to raise a crop for the season named upon the land described in the complaint. While the contract was made, evidently, for the purpose of conferring the power of voting the shares on the question of assessment and distributing the water to the respective parties (share-owners) which flowed through the canal as a conduit the quantity of water which was to be distributed was the quantity which would flow though said conduit. This is nowhere alleged in said complaint, nor is it susceptible of being ascertained from the allegations thereof. In times of low water

in the river the defendant was only to secure the amount that would flow through said canal, and distribute that. If the defendant failed to distribute the water, he would be liable. And the shareholders could declare the contract forfeited, and take possession of their canal, if the same was in the possession of the defendant; and any party to such contract could recover his damages from the defendant for any breach while the contract was in force, if any occurred.

The general demurrer should have been sustained. Reversed, and new trial ordered, with directions to the court below to sustain the demurrer to the amended complaint.

Bethune, J., and Rouse, J., concur.