CUNNINGHAM, C. J., and BAKER, J., concur.

---

[Civil No. 1591.   Filed March 14, 1919.]

[179 Pac. 53.]

BEN A. BAKER, Appellant, v. JOSEPH MASEEH, Appellee.

1. MASTER AND SERVANT—INJURY TO THIRD PERSON—RELATION OF PARTIES—EVIDENCE.—Proof of ownership is *prima facie* evidence that the driver of the automobile, causing damage by negligent operation, is the servant or agent of the owner, and using the vehicle in the owner's business.

2. MASTER AND SERVANT—INJURY TO THIRD PERSON—RELATION OF PARTIES.—It is not essential that the agency of the driver of an automobile presumed from proof of ownership should be a business agency, or the service a remunerative service.

3. MASTER AND SERVANT—DAMAGE TO PROPERTY OF THIRD PERSONS—PRESUMPTIONS AND BURDEN OF PROOF.—The presumption of use and control arising from proof of ownership of an automobile, destroying property of third person by its negligent operation, is not conclusive, but casts the burden on the owner to show that the driver was not his servant or agent, or if he was such, that he was not, at the time he was using the vehicle, engaged in the owner's business.

4. MASTER AND SERVANT—DAMAGE TO PROPERTY OF THIRD PERSON—NEGLIGENCE OF DRIVER IMPUTED TO OWNER.—Where damage resulted to plaintiff from negligent operation of defendant's automobile by its driver when defendant was seated in the machine, it must be held

that defendant was consenting to such negligent operation, tacitly at least, and the driver's negligence is to be imputed to him.

5. PLEADING—TRIAL AMENDMENTS—DISCRETION OF COURT.—It is a common practice to allow trial amendments to conform pleadings to proof at any stage of the proceedings, and permitting plaintiff to so amend his complaint after resting was within the discretion of the trial court, under Civil Code of Arizona of 1913, paragraph 422.

6. APPEAL AND ERROR — REVIEW — INSTRUCTIONS — NECESSITY FOR REQUEST.—If instructions given were not sufficiently full or specific, it was the duty of defendant-appellant to request fuller and more specific instructions, and, failing to do so, he may not complain on appeal.

[As to burden of proof as evidence of negligence, see note in 98 Am. St. Rep. 321.]

APPEAL from a judgment of the Superior Court of the county of Cochise.   A. C. Lockwood, Judge.  `Affirmed.

Messrs. Doan & Doan and Mr. Bruce Stephenson, for Appellant.   .

Mr. Alexander Murry and Mr. J. D. Taylor, for Appellee.

BAKER, J.—The plaintiff commenced this action against the defendant to recover damages for injuries to an automobile owned by plaintiff, and also for special damages.

It is set forth substantially in plaintiff's amended complaint that on the morning of May 26, 1916, the plaintiff was driving his automobile in an easterly direction along the public highway between Bisbee, Arizona, and Douglas, Arizona, in Cochise county, and that when he had reached a point about eight miles west of Douglas, an automobile belonging to the defendant, coming from the opposite direction, ran into and collided with the plaintiff's automobile, breaking and wrecking it.   It is also alleged that the defendant, by and through his agent, negligently operated the automobile, and thereby caused the collision.

The case was tried to a jury, and judgment upon the verdict in the sum of $605 was entered for the plaintiff, and the defendant brings this appeal from the judgment.

Plaintiff proved the accident and produced testimony tending to show that the automobile which ran into and collided with his automobile belonged to the defendant, and that the defendant was present in the machine at the time.   He further

proved that the automobile was being driven by a lady who was seated in the machine with the defendant, and that the machine was negligently operated.

No further proof was given in plaintiff's case that the automobile which caused the accident was then being operated by the defendant personally or by one in his employment and then engaged in his business.

At the close of the plaintiff's case, the defendant moved the court for a directed verdict upon the ground that the evidence was insufficient to form a basis for a finding that the driver of the defendant's automobile was his agent acting within the scope of her employment. This motion was denied.

Plaintiff argues that the motion for a directed verdict was properly denied, for the reason that proof of the fact that defendant owned the automobile which caused the damage was *prima facie* evidence that the vehicle was being driven for him and in his business, and in this contention we think plaintiff is correct. In the standard work of Shearman & Redfield on Negligence, volume 1, paragraph 158, it is stated:

"When plaintiff has suffered injury from the negligent management of a vehicle such as a boat, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant to show that he was the owner of the thing without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time and that the accident was occasioned by the fault of a stranger, an independent contractor or other person for whose negligence the owner would not be answerable."

The excerpt taken from Shearman & Redfield on Negligence is quoted with approval in *Houston* v. *Keats Auto Co.*, 85 Or. 125, 166 Pac. 531, and in *Hays* v. *Hogan*, 273 Mo. 1, Ann. Cas. 1918E, 1127, L. R. A. 1918C, 715, 200 S. W. 286.

In *Norris* v. *Kohler*, 41 N. Y. 42, it appears that William H. Norris who was killed while standing on the sidewalk peddling vegetables, was struck by the pole of a wagon to which a span of runaway horses was attached. The runaway team was proven to be owned by the defendant, and the name of the defendant was on the rear of the wagon. It was urged

on appeal that it had not been shown that the person driving the team was in the service of the defendant. The court disposed of the objection thus:

"On the second point, whether the driver of the wagon was the servant of the defendant, the evidence consisted, first, of the fact of ownership. The property being proved to belong to the defendant, it is urged that a presumption arises that it was in use for his benefit, and on his own account. This argument, I think, is a sound one. The ownership of personal property draws to it the possession. The owner is entitled to have and to keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title. No proof was given in the present case separating the ownership from the possession, and the presumption of law is that the wagon and horses of the defendant were in use in his service, and on his account."

This statement of the rule is approved in *Ferris* v. *Sterling,* 214 N. Y. 249; Ann. Cas. 1916D, 1161, 108 N. E. 406. There is, of course, no rule which applies differently to automobiles than to other vehicles.

In *Knust* v. *Bullock,* 59 Wash. 141, 143, 109 Pac. 330, the court says:

"In cases of this kind, where it is shown that the wagon and team doing damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, and that whoever was driving it was doing so for the owner."

To the same effect are *Purdy* v. *Sherman,* 74 Wash. 309, 133 Pac. 440, and *Birch* v. *Abercrombie,* 74 Wash. 486, 50 L. R. A. (N. S.) 59, 133 Pac. 1020.

In *Geiselman* v. *Schmidt,* 106 Md. 580, 68 Atl. 205, the plaintiff offered evidence tending to prove that the horse and wagon driven against the plaintiff belonged to the defendant, and the court ruled that "the jury might reasonably conclude that the driver was his agent."

In *Vonderhorst Brewing Co.* v. *Amrhine,* 98 Md. 406, 56 Atl. 833, there was evidence showing that the wagon which collided with the plaintiff was owned by the Vonderhorst Brewing Company. It was held that this was sufficient to justify the jury in concluding that the driver of the wagon

was the agent of the owner of the wagon.    The court there says:

"It is a reasonable presumption that a person driving the team of another is the agent or servant of the owner of the team, unless it be shown by the owner of the team that the contrary is the fact."

In *West* v. *Kern*, 88 Or. 247, L. R. A. 1918D, 920, 171 Pac. 413, being a case of collision between a motorcycle and an automobile, the court said:

"We hold that proof of ownership makes a *prima facie* case against the owner."

The rule that proof of ownership makes out a *prima facie* case is based upon the best of reasons.    When an owner's car is being driven by another, that fact is presumably within the knowledge of the owner, and he can readily show that the vehicle was not being driven for him, if such be the fact.    If the vehicle has been stolen, and is being driven by the thief, or if it has been loaned or hired to the driver who is using it for his own business or for his own pleasure, the owner is in the best situation to prove the fact.    One who is damaged, either in person or in property, by an automobile negligently operated by some person other than the owner, is usually without information as to the relation between the driver and the owner.    If he be required to make affirmative proof of the relation, he might never be able to do so, however just and meritorious a case he might have on account of the negligent operation of the vehicle.

On the other hand, if it be held, upon proof of ownership and negligence, that the burden shifts to the defendant owner to prove that the car was being driven at the time of the accident by a stranger, or on an errand not connected with the owner's business, the one having a just and meritorious case is protected, and no hardship is imposed upon the owner.

The courts are not entirely in accord upon the proposition that proof of ownership makes out a *prima facie* case.    The opposite view is taken in several cases, viz.: *White Oak Coal Co.* v. *Rivoux*, 88 Ohio St. 18, Ann. Cas. 1914C, 1082, 46 L. R. A. (N. S.) 1091, 102 N. E. 302; *Lotz* v. *Hanlon*, 217 Pa. 339, 118 Am. St. Rep. 922, 10 Ann. Cas. 731, 10 L. R. A. (N. S.) 202, 66 Atl. 525; *Trombley* v. *Stevens-Duryea Co.*, 206 Mass. 516, 92 N. E. 764.

In this jurisdiction, however, the question presents a case of first impression, and, for the reasons above given, we have adopted the more liberal rule, and we hold that proof of ownership is *prima facie* evidence that the driver of a vehicle causing damage by its negligent operation is the servant or agent of the owner and using the vehicle in the business of the owner.

It is not essential that the agency presumed from proof of ownership should be a business agency, or the service a remunerative service. *McNeal* v. *McKain,* 33 Okl. 449, 41 L. R. A. (N. S.) 775, 126 Pac. 742. The defendant's motion was properly denied.

The presumption of use and control arising from proof of ownership is not conclusive. It has the effect, however, to cast the burden of proof on the owner to show, if he can, that the negligent driver was not his servant or agent, or, if such servant or agent, he was not at the time using the vehicle in the business of the owner.

The defendant in the present case failed to rebut the presumption. He admitted that he owned the vehicle, and that it was being driven by the lady at the time of the accident, but he gave no explanation why she happened to be driving the car at the time. If he had loaned the car to her, and she was using it in the pursuit of her own business or pleasure, it would have been an easy matter for the defendant to have established that fact. He seems to have directed his whole defense in an effort to prove that the driver of the automobile was not negligent, and that the plaintiff was negligent. The jury found this issue against him upon sufficient evidence.

One important fact remains to be noticed: The defendant was present in the automobile at the time of the accident; he was admittedly the owner, and, as such, was clothed with the right and authority to control the operation of the car; he was present where he could have exercised such control if he desired to do so. Under such circumstances, if the automobile was negligently operated, it must be held that the defendant was consenting thereto, tacitly at least, and the driver's negligence is to be imputed to him. 28 Cyc. 38; *Bryant* v. *Pac. Elec. Ry. Co.,* 174 Cal. 37, 164 Pac. 385; *Daggy* v. *Miller,* 180 Iowa, 1146, 162 N. W. 854; *Carpenter Co.* v. *Auto Co.,* 159 Iowa, 52, 140 N. W. 225; *Minor* v. *Mapes,* 102 Ark. 351, 39 L. R. A. (N. S.) 214, 144 S. W. 219.

Some complaint is made because plaintiff was permitted to amend his complaint after resting. It is common practice to allow amendments to conform to the proofs at any stage of the proceedings. It is a matter within the discretion of the trial court. Revised Statutes Arizona 1913 (Civ. Code), paragraph 422; *Perrin* v. *Mallory Commission Co.*, 8 Ariz. 404, 76 Pac. 476; *Consolidated Canal Co.* v. *Peters*, 5 Ariz. 80, 46 Pac. 74.

If the instructions given were not sufficiently full or not sufficiently specific, it was the duty of the defendant to request fuller or more specific instructions from the court. In the absence of such request, he may not complain on appeal. 38 Cyc. 1693–1696.

No complaint is made upon the question of the driver's negligence, nor is it claimed that the damages were excessive, or that any error was committed in the admission or rejection of testimony.

We find no reversible error in the case, and the judgment, therefore, must be affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.

---

As to making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, see notes in 46 L. R. A. (N. S.) 1091; L. R. A. 1918D, 924.