[Civil No. 3058.   Filed September 17, 1931.]

[3 Pac. (2d) 271.]

K. HATCHIMONJI, Appellant, v. A. G. HOMES and
EVALINE H. HOMES, Appellees.

Mr. C. H. Young (Mr. William G. Christy, of Counsel on Appeal), for Appellant.

Mr. F. H. Lyman, Mr. Samuel C. Jefferies and Mr. B. L. Rudderow, for Appellees.

ROSS, J.—This is an appeal by K. Hatchimonji from a verdict and judgment giving to A. G. Homes and Evaline H. Homes, his wife, damages for personal injuries sustained by the latter in a collision between the appellant's automobile, while being driven by Aimee Komura, alleged to be the owner's agent, and the Homes automobile, being driven by Evaline H. Homes.

The appellant, at the close of the case, moved for an instructed verdict upon the ground that the undisputed evidence was that the driver of his car at the time of the accident was not acting as his agent within the scope of her authority. The denial of this motion is assigned as error. For the same reason, it is said the judgment is contrary to the evidence and to the law. Appellant's ownership of the offending automobile is undisputed. *Prima facie* the driver thereof was at the time his agent, or servant, acting in the line of duty. *Lutfy* v. *Lockhart,* 37 Ariz. 488, 295 Pac. 975; *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53. In addition to this presumption, it was shown that Aimee Komura stated at the time of the collision that appellant had told her to take his car and have

it washed, and that she was on that mission when the cars collided. It was also in evidence that appellant stated after the accident that he had told Komura to take the auto to a washing-shed and have it cleaned. This is denied by appellant, and there is testimony tending to show that Aimee Komura was at the time of the accident using the car for her own account and pleasure and not in behalf of the appellant. It was for the jury to pass upon this conflict, and, since there is evidence to support its conclusion, under the rule we will not disturb it.

It is said this instruction is not a correct statement of the law concerning damages for future mental pain and suffering:

" . . . In determining what is reasonable compensation, gentlemen of the jury, there are a few elements that you are entitled to take into consideration. You are entitled to take into consideration any and all mental pain and suffering which the plaintiff has sustained in the past or might reasonably be expected to sustain in the future, if any. You are entitled to take into consideration whether or not any injury that resulted as a direct result from the accident is a permanent or a temporary injury."

The particular statement complained of is: "You are entitled to take into consideration any and all mental pain and suffering which the plaintiff . . . might reasonably be expected to sustain in the future, if any." It is said that the proper rule restricts compensation for future pain and suffering to such as are "reasonably probable or certain" to follow the injury. Future pain and suffering from a present injury can be estimated only on probability. If the injury is severe and permanent, observation and experience teach us that the suffering will be proportionately great; if slight and temporary, that it will be proportionately small. The common sense and honesty and fairness of the jury would, we think,

react to the above language in the same way as to the language proposed by appellant. Juries do not ordinarily look for or discover fine distinctions in the court's instructions. Damages "reasonably to be expected" from an injury are, to the ordinary mind, damages that are "reasonably probable or certain." Instructions as to future damages for pain and suffering should not be so loosely worded as to give the jury the impression that they may guess or speculate what such damages may be. Indeed the jury, because of the wide discretion reposed in them, should be warned against speculative damages and told that damages can be assessed only when authorized and supported by the evidence. In other words, the jury should be reasonably certain the damages assessed will be sustained, and should be so advised by the court. 17 Corpus Juris, 1075, § 381. While the instruction may not be strictly accurate, we do not think appellant was prejudiced thereby. Some of the courts, indeed, have approved of the form of instruction given. Id.

Appellant made a motion for a new trial, based in part on the introduction of evidence of injuries to a small child in appellees' automobile and of evidence that appellant had insurance protection. The refusal to grant this motion is assigned as error. The testimony as to the child was that of Evaline H. Homes, who, in relating the circumstances of the accident, told who were in the car at the time of the collision and stated that her small child was one of the occupants, seated between her and her sister-in-law, that the child was crying, etc., but as to whether it was injured or not was not allowed to be shown. While an injury to the child was not pertinent to the issue and was immaterial, the telling about its crying by the witness was only incidental to the main story of the accident. As a matter of fact, it was not shown the child was injured, but only that the mother thought it

was from the fact that it was crying. When the witness was asked by appellees' counsel if the child was hurt, the court promptly ruled that it was incompetent and immaterial and she was not permitted to answer. We do not believe that such evidence influenced the jury one way or the other. If cases were reversed for so slight a reason, not many verdicts would stand.

The only reference to insurance was in the testimony of Almeda Homes. She had testified to conversations had with appellant. Counsel for appellees asked her whether she had told all that was said in conversations about the accident. Answering, she said: "I believe I have, only that Mr. Hatchimonji said that he had gone to see the insurance company—" Counsel for appellees here interrupted the witness by saying: "No, no. That is all." While the jury would probably conclude from this testimony that appellant was insured against liability, the witness did not so state. Appellees' counsel stopped the witness as quickly as possible, and she was not permitted to proceed further with her answer. Appellant claims that under the rule in *Blue Bar Taxicab etc. Co.* v. *Hudspeth,* 25 Ariz. 287, 216 Pac. 246, the statement of the witness concerning insurance demands a reversal. In the Hudspeth case it appears that the fact that defendant had liability insurance was brought out by questions more or less directed to the subject of insurance and that, when a motion was made to strike such testimony, it was resisted by plaintiff and the motion denied. The court said:

"The effect of these questions, together with the answer of the first question, made the fact known, and impressed upon the jury, that back of defendant's liability stood some sort of insurance. This information was not wholly inadvertent, so far as plaintiff was concerned, nor was it a necessary incident of any legitimate evidence. No instruction was given to the

jury to cure the effect of it. The consequence of such information is well known, and is sufficient to require a new trial. It is useless for counsel to talk of the innocuous character of this evidence, when they at the same time, in order to get the information before the jury are willing to imperil any verdict which might be rendered. All lawyers know the rule in regard to such evidence, and they must not expect the court to establish a rule, and then wink at its violation.''

The difference in that case and this one is pronounced. Here the reference to insurance by the witness was inadvertent. It was not brought out by direct questioning. No motion was made to strike it, and besides it cannot be determined from the witness' answer ''that back of defendant's liability stood some sort of insurance.'' If the facts in the two cases were the same, the rulings would be the same.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.