DIONISIO LOTTI, Plaintiff and Appellee, v. THE CHARLES McCORMICK LUMBER Co., Defendant and Appellant.

No. 7168. Argued February 17, 1937.—Decided April 21, 1937.

**324**

*Wilson P. Colberg* for appellant. *F. Zapater, Cayetano Coll Cuchí,* and *Guillermo Silva* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

On May 11, 1933, Dionisio Lotti was traveling along the Central Highway from Río Piedras to Caguas, in a Ford automobile which he had rented, and which was driven by Francisco Bermúdez. At about 5:30 o'clock in the afternoon, upon arriving to Kilometer 24.5, where there is a grade, they overtook a truck that was traveling in the same direction. Bermúdez sounded his horn to warn the truck driver to let him pass. Just as they were about to pass the truck, a Chevrolet car appeared at the top of the hill, at a distance of about thirty or thirty-five meters, coming in the opposite direction, and driven by José Eugenio Géigel. While Bermúdez was aligning his car to the right after having passed the truck, the Chevrolet car, which was traveling at the rate of about thirty or forty miles an hour along the center of the road, collided with the left side of the Ford automobile. As a result of the accident, Dionisio Lotti suffered fractures on his fifth right rib, in two places, and of the sixth, seventh, and eighth ribs of that same side, and other injuries that occasioned a plastic pleuritis about the fifth and sixth ribs.

Dionisio Lotti brought the present action to recover from the defendant the sum of $3,000 as damages for the injuries he suffered in the aforesaid accident, alleging, among other things, that the Chevrolet automobile which caused his injuries was owned at the time of the accident by the defendant, The Charles McCormick Lumber Co., and was being negligently operated at an excessive rate of speed by José

Eugenio Géigel, an employee of the defendant, at the time of the accident while driving from Caguas to Río Piedras in the discharge of the duties of his employment.

The District Court of San Juan rendered judgment for the plaintiff and awarded him damages in the sum of $1,350.

■ In the first, second, and fifth assignments of error, which we will discuss jointly, it is maintained that the court *a quo* erred in holding as proved that José Eugenio Géigel was on May 11, 1933, an employee or agent of defendant, and that he was actually, at the time of the accident, in the discharge of his duties as such employee, and in holding that the evidence as to the ownership of the vehicle and as to the fact that the driver was an agent of the defendant, established the presumption that said driver, when the collision took place, was acting as such agent in the discharge of his duties and in the course of his employment.

The District Court of San Juan, in a wise and carefully prepared opinion rendered by Judge Llauger, declared that inasmuch as it had been proved that the Chevrolet automobile that caused the injuries belonged to the defendant corporation at the time of the accident, in accordance with the doctrine laid down by this Supreme Court in the case of *Sánchez* v. *Asiatic Petroleum Co.,* 40 P.R.R. 98, a presumption *juris tántum* arises that José Eugenio Géigel was an employee of the defendant on May 11, 1933, and was acting in the discharge of his duties as such employee when the accident occurred. The court *a quo* was of the opinion that the said presumption was not overcome by the evidence introduced by the defendant.

From the testimony of Arturo H. Géigel, a representative of the defendant in Puerto Rico, and a brother of José Eugenio Géigel, we transcribe the following:

"Q. Tell me, witness, how many employees have you under your control as representative of that concern in Puerto Rico?

"A. Myself and my brother.

"Q. Tell me, witness . . . do you mean to say that you have but two employees, you and your brother?

"A. Yes, sir.

"Q. What is your brother's name?

"A. José Eugenio Géigel.

"Q. What is his position there?

"A. My assistant.

" * * * * * * *

"Q. Tell me, besides your brother and yourself, who do the office work, have you any other employee?

"A. Absolutely none.

"Q. And who drives your trucks and the company's cars?

"A. My brother or I drive the Chevrolet automobile.

"Q. Does that car belong to the company?

"A. Yes, sir.

"Q. And does not your brother drive it?

"A. Yes, he also does.

"Q. Then both of you drive it?

"A. The two of us, yes, sir."

We do not think that the lower court erred in holding that the relationship of principal and agent existed between José Eugenio Géigel and the defendant.

Our Civil Code contains the general provision of law that any person who by an act or omission causes damage to another by his fault or negligence, shall be liable for the damage so done, not only for personal acts and omissions, but also for those of persons for whom he is responsible, and specifically provides that the owners or directors of any establishment or business are, in the same way, liable for any damages caused by their employees while engaged in the branch of the service in which employed or on occasion of the performance of their duties.

In construing the provisions of the code, this court since 1917 has held that any person or enterprise that owns an automobile is liable for the damages negligently caused by one of its employees while driving said automobile in the course of his employment. *Truyol & Co.* v. *West India Oil Co.*, 26 P.R.R. 321. This court has also held that in an action

to recover damages for injuries caused by an automobile belonging to a business concern or enterprise while being negligently driven at the time of the accident by one of its agents or employees, plaintiff must show, among other elements of the action, (1) that the person that caused the damage was, at the time of the accident, an employee or agent of the defendant concern, and (2) that he was acting within the scope of his employment. *Vélez* v. *Armstrong Bros.,* 40 P.R.R. 680.

In the case of *Ramos et al.* v. *López,* 36 P.R.R. 451, it was held that once it was proved that the truck belonging to the defendant was being driven by his agent when the accident occurred, it must be presumed that the agent was acting within the scope of his employment. This rule was again applied in the case of *Guzmán* v. *Ortiz,* 39 P.R.R. 170, reversing a judgment of the lower court based on the fact that even though the vehicle belonging to the defendant was being driven at the time of the accident by his chauffeur, it was not definitely proved that said conductor was acting at the time within the scope of his employment. This court in reversing that judgment held that once it was proved that the vehicle belonged to the defendant and that it was being operated by one of his employees, no direct evidence was necessary to prove that said employee was acting within the scope of his employment.

In the cited case of *Sánchez* v. *Asiatic Petroleum Co., supra,* damages were claimed from the defendant concern for the damages caused to the plaintiff by a truck of the defendant used for the transportation of gasoline or kerosene. The plaintiff failed to introduce any evidence that the person who was driving the truck at the time of the accident was an employee of the defendant or that he was acting within the scope of his employment. The plaintiff proved, however, that on said truck, the name of the defendant, Asiatic Petroleum Co., was painted, that this corporation did business in Puerto Rico, and had said truck registered in its name in the

Department of the Interior at the time the accident occurred. The lower court sustained a motion for nonsuit presented by the defendant after the plaintiff rested, and rendered judgment for the defendant on the ground that the plaintiff introduced no evidence as to the above-mentioned particulars. Upon reversing that judgment, this court, in an opinion rendered by Mr. Justice Aldrey, expressed itself as follows:

"Where a person or his property is negligently injured on the highway by a vehicle belonging to a business or undertaking the injured party is not required to prove directly that such vehicle was being operated at the time by an employee of such business or undertaking and that such employee was acting within the scope of his employment. It is not a presumption resting on another presumption, as the appellee contends, since the presumption *juris tantum* in the present case that the truck belonged to the appellee rests on the fact that the vehicle is registered in appellee's name, whereas the similar presumption of its being operated by one of its employees in the performance of his duties as such employee arises from another fact, namely, that the vehicle was operated at the time by a person on the highway. It can not be required of a person who suffers injuries of the character shown herein, to ascertain and prove directly facts which very often are not within his knowledge. Justice would completely fail if such proof were required, because it is logical to assume, until the contrary is shown, that ordinarily the vehicles used in a business or undertaking are operated by the owner, or his employees in the performance of their duties."

In the case of *Almodóvar* v. *Acosta,* 43 P.R.R. 191, it was proved that the vehicle that caused the damage was under the control of the defendant when the accident occurred. This court held that there existed a strong presumption to the effect that said vehicle was being operated by an employee of the defendant.

The appellant in his brief argues that the most reliable authorities in the continental jurisdictions are contrary to the decision rendered by the District Court of San Juan, and that assuming only for the sake of argument that this presumption were possible, it would have been necessary to prove

directly the existence of the agency and its characteristics, faculties, and limitations, inasmuch as doing it by inference, as it would happen in the case at bar, it would mean the establishment of a presumption based on another presumption, which is a principle repudiated by the decisions.

This argument has been answered by this court in the case of *Sánchez* v. *Asiatic Petroleum Co., supra,* and by most courts in continental United States. It is quite true that in certain American jurisdictions it is held that mere evidence that when the accident occurred the defendant was the owner of the automobile which caused the damage, is insufficient to establish the presumption or *prima facie* inference that the person who was operating the vehicle was the agent or employee of the defendant, and that he was acting within the scope of said agency or employment. These courts maintain that the plaintiff is bound to prove both these elements of his action by direct and positive evidence. The argument generally adduced by the courts which uphold this rule is the same one used by the party appellant in his brief, who maintains that if proof of the ownership of the automobile is considered as *prima facie* evidence of the fact that the person driving the automobile when the accident occurred was the agent of the defendant and was acting in the discharge of his duties, then a presumption based on another presumption is established, which is contrary to the well-known principle that a presumption can only be based on facts proved directly and affirmatively and not on another presumption. In support of these contentions, he cites several decisions of State courts.

This doctrine, however, is not the prevailing rule in the American courts nor is it considered as the most just or equitable. At present most of the courts support the theory that proof that the plaintiff was, on the day of the accident, the owner of the automobile that caused the damage, establishes the presumption *juris tantum* that the person who was negligently operating the automobile on that date was an employee

or agent of the defendant acting in the discharge of his duties.

The Supreme Court of Arizona, in the case of *Baker* v. *Maseeh*, 20 Ariz. 201, 179 Pac. 53, held as follows:

"Plaintiff argues that the motion for a directed verdict was properly denied for the reason that proof of the fact that defendant owned the automobile which caused the damage was prima facie evidence that the vehicle was being driven for him and in his business, and in this contention we think plaintiff is correct. In the standard work of Shearman & Redfield on Negligence, vol. 1, par. 158, it is stated:

" 'When plaintiff has suffered injury from the negligent management of a vehicle such as a boat, car or carriage, it is sufficient prima facie evidence that the negligence was imputable to the defendant to show that he was the owner of the thing without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time and that the accident was occasioned by the fault of a stranger, an independent contractor or other person for whose negligence the owner would not be answerable.' "

Further on the same court said:

"The rule that proof of ownership makes out a prima facie case is based upon the best of reasons. When an owner's car is being driven by another, that fact is presumably within the knowledge of the owner, and he can readily show that the vehicle was not being driven for him, if such be the fact . . . One who is damaged, either in person or in property, by an automobile negligently operated by some person other than the owner, is usually without information as to the relation between the driver and the owner. If he be required to make affirmative proof of the relation, he might never be able to do so, however just and meritorious a case he might have on account of the negligent operation of the vehicle.

"On the other hand, if it be held, upon proof of ownership and negligence, that the burden shifts to the defendant owner to prove that the car was being driven at the time of the accident by a stranger, or on an errand not connected with the owner's business, the one having a just and meritorious case is protected, and no hardship is imposed upon the owner.

"The courts are not entirely in accord upon the proposition that proof of ownership makes out a prima facie case. The opposite view is taken in several cases. (Citations.)

"In this jurisdiction, however, the question presents a case of first impression, and, for the reasons above given, we have adopted the more liberal rule, and we hold that proof of ownership is prima facie evidence that the driver of a vehicle causing damage by its negligent operation is the servant or agent of the owner and using the vehicle in the business of the owner."

In the case of *Enea* v. *Pfister,* 180 Wis. 329, 192 N. W. 1018, a like reasoning appears, thus:

"It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact. But the question of whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant, and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof. The exigencies of justice require the application of such a rule, which we approve and adopt."

The text writer Wigmore has expressed a similar view in the second edition of his treatise on Evidence, vol. V, p. 502, sec. 2510 *a; Guzmán López* v. *Ortiz, supra.*

The cases we have cited clearly show the necessity and convenience of adopting this rule which has already been accepted by this court in several decisions. It would be unfair to change this rule on the ground advanced by the appellant, that is, that it establishes a presumption based on another presumption. In reality we are dealing with two independent presumptions which arise from the same fact, and in such cases, the defendant may easily overcome the presumptions by introducing direct evidence, if he is right. In the case at bar the defendant introduced no evidence whatsoever to rebut these presumptions. Nor would we be justified in changing the rule because the plaintiff could, in certain cases, secure a *subpoena duces tecum* from the court. The plaintiff would be bound to state in his motion the documents that must be brought before the court by the defendant con-

cern. How could he be required to have knowledge of what documents of the defendant have data that can be used as direct evidence to prove those particulars of the case? The distinction that the party appellant tries to draw between the instant case and that of *Sánchez* v. *Asiatic Petroleum Co.,* *supra,* lacks importance. The cases are identical as regards the presumption established by the rule adopted by this court. The errors assigned must be overruled.

The third assignment is that the lower court erred in overruling the demurrer to the last amended complaint filed on June 13, 1934, for want of facts sufficient to constitute a cause of action. This assignment was not argued by the defendant, and we overrule it because after having studied the complaint we are of opinion that it sets forth facts sufficient to constitute the cause of action relied on.

It is further alleged that the lower court erred and abused its discretion in mulcting the defendant in costs, expenses, and disbursements incurred by the plaintiff. Regarding this point, after a study of the record, we are inclined to leave undisturbed the pronouncement made by the lower court in the exercise of its discretion.

The judgment appealed from must be affirmed.