CATHERINE WOLF et al., *Appellees,* V. CHARLES M. WOLF et al., *Appellees,* and SARAH G. SHATTUCK, *Appellant.*

. No. 16,378.

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE — *Pleadings — Tax Deeds — Limitations.* At the commencement of suit to foreclose a real-estate mortgage the appellant was joined as a defendant. The allegations of the petition were that she had or claimed to have some interest in or.lien upon the premises adverse to the lien of the mortgage, but that any interest she might have was junior, subordinate and inferior to the mortgage lien. The prayer was the usual one in such cases. Afterwards the appellant took out tax deeds of the property, which were five years old when pleaded in her answer. *Held,* the petition was a continuing challenge of the appellant's claims upon the property and that the tax deeds were not protected by the statute of limitations.

2. CONCLUSIONS OF LAW—*Statement of Fact.* Under the circumstances stated in the opinion a conclusion of law pleaded in the reply will be treated in a review of the case on appeal as a statement of fact.

3. TAX REDEMPTION NOTICE—*Invalid Tax Deeds.* A tax redemption notice relating to several lots of the same owner which states that unless all such lots be redeemed within the proper period each lot will be conveyed to the purchaser is illegal and invalidates tax deeds subsequently issued pursuant to it.

Appeal from Sedgwick district court. Opinion filed December 7, 1912. Affirmed.

*S. W. Shattuck, jr.,* of Wichita, for the appellant.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was brought to foreclose a real-estate mortgage given by the defendants, Charles M. Wolf and Mary Wolf, on the lots in controversy. The mortgage ran to "S. W. Shattuck, Guardian," and the original plaintiff in the action was

so designated. The mortgage and the note it secured
in fact belonged to the estate of certain minors, who,
after becoming of age, asked to be substituted as plain-
tiffs. Shattuck undertook to claim the note and mort-
gage as his own, but the substitution was allowed by
the district court and the order of substitution was
affirmed by this court. (*Shattuck v. Wolf,* 72 Kan. 366,
83 Pac. 1093.) At the commencement of the suit the
appellant, Sarah G. Shattuck, was made a defendant.
The allegations of the petition were that she had or
claimed to have some interest in or lien upon the
premises described adverse to the lien of the mortgage,
but that any interest she might claim to have was
junior, subordinate and inferior to the mortgage lien.
The prayer was that all the right, title, interest, estate,
lien and equity of redemption which the defendants
might have or claim to have should be forever barred,
foreclosed and cut off. The appellant answered, set-
ting up several tax deeds of the property. All these
deeds had been issued after the suit was commenced
and some of them were five years old when pleaded.
The reply asserted the invalidity of the deeds on vari-
ous grounds, and evidence showing irregularities in
the proceedings on which they were based was intro-
duced. The court stated findings of fact and conclu-
sions of law favorable to the plaintiffs, and judgment
was rendered foreclosing their mortgage as a lien.

The appellant argues that no action was commenced
to defeat the tax deeds until the reply was filed; that
an affirmative attack on the tax deeds could not be
made by way of reply, but that the petition should
have been amended or supplemented; that, as a result,
all the tax deeds should have been sustained, but that
in any event those which were five years old and reg-
ular in form could not be impeached.

In this state adverse titles may be litigated in an
action to foreclose a mortgage. The petition charged

that the appellant had no title to the premises superior to the mortgage, the purpose being to establish full title in the mortgagor so that the foreclosure sale would pass such title to the purchaser. If the appellant had made default she would have been concluded by the judgment barring her from making any claim to the property. (*Hentig v. Redden,* 46 Kan. 231, 26 Pac. 701.) It has been so held in a foreclosure case in which a defendant failed to set up a tax lien acquired after the suit was commenced. (*Adair et al. v. Mergentheim,* 114 Ind. 303, 16 N. E. 603.) Such a judgment rests upon the allegations of the petition, which are taken as true unless the title acquired subsequent to the commencement of the action be pleaded. The petition is a continuing challenge of all rights, adverse to the mortgage, which the judgment would cut off, if not pleaded and proved. Therefore, the plaintiffs were not called upon to supplement their pleading each time the appellant took out a tax deed. The petition on file stood as a declaration of the subordination of each one, as it was placed of record, to the mortgage, and the reply merely particularized the defects which made each one subordinate to the mortgage.

Some complaint is made because the court allowed the reply to be amended and finally supplemented to conform to the proof, but no prejudice to the appellant's substantial rights appears, or is even attempted to be pointed out. The last amendment was made before the cause was finally submitted and while the appellant had full opportunity to defend if she had so desired. The case of *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 894, involving an amendment made after verdict and after a motion for a new trial had been filed, and which deprived the defendants of an opportunity to contest the issue presented, has no application.

The appellant argues that the reply presented no issue respecting the validity of the various tax deeds

for the reason that conclusions of law only were stated. The reply did contain definite statements of fact touching the validity of the deeds and the regularity of the proceedings upon which they were based. Thus, the statement that "said deeds fail to show the date of sale" and the statement that the "notice of sale does not show by whom the sale would be made nor place of sale" are statements of fact. Numerous other specifications of the reply embodied conclusions of fact. (See *Gano v. Cunningham,* post.) For purposes of the decision it may be conceded that, strictly considered, the following allegation contained a conclusion of law only:

"That no notice of final redemption as provided by law was published as by law required prior to the execution of said deeds or any of them."

The only objections to the reply were that no excuse was shown for not filing the amendments earlier, that certain of the tax deeds were protected by the statute of limitations, and that the reply did not state facts sufficient to constitute a defense to any of the tax deeds. The objections to the introduction of the evidence offered to sustain the reply were of the same character. All these objections went to the reply as a whole, and were manifestly untenable. No motion to strike out any allegation as a conclusion of law was made and the record discloses no effort to secure a ruling upon such a question. On the other hand, the court was permitted to treat the averment just quoted as one of fact relating to the departure of the substance of the notices from the statutory requirements. Findings of fact showing the various redemption notices were made and a specific conclusion of law was stated based upon such departure. No motion was made to strike out this conclusion of law as being outside the issues presented by the pleadings, and it was permitted to stand on the same footing with conclu-

sions based upon other defects in the notices pointed out in the reply. The motion for a new trial did not touch the subject, and the record may be searched in vain for even a suggestion to the district court of the distinction between conclusions of law and statements of fact in the reply. Consequently the allegation referred to will be treated here as one of fact.

The appellant's tax deeds are based upon three redemption notices, one of them involving four of the Wolf lots, another two lots and another six lots. The law in force at the time provided that the treasurer should cause to be published within a stated time "a list of all unredeemed lands and town lots, describing each tract or lot as the same was described on the tax roll, stating the name of the person to whom assessed, if any, and the amount of taxes charged, and interest calculated to the last day of redemption, due on each parcel, together with a notice that unless such lands or lots be redeemed on or before the days limited therefor, specifying the same, they will be conveyed to the purchasers." (Gen. Stat. 1901, § 7671.)

The notices in question stated that "unless all such lands and town lots be redeemed . . . each parcel of land and town lot will be conveyed by tax deed to the purchaser of the same." Under this notice the owner of several lots could not redeem one of them and thereby save it from conveyance to the tax purchaser. It would be necessary for him to redeem all to save any one. This condition upon redemption is unwarranted, and the notices do not merely fail to comply with the statute but, in the language of the opinion in *Long v. Wolf,* 25 Kan. 522, 524, they contain other statements and matters of such a character as to render them ineffectual. Substantial compliance with the statute is indispensable (*Blackistone v. Sherwood,* 31 Kan. 35, 2 Pac. 874), and the insertion in a redemption notice of misinformation calculated to mislead the owner to

14—88 KAN.

his prejudice renders the notice illegal (*Cave v. Rinehart,* 87 Kan. 81, 123 Pac. 766).

The appellant's tax deeds are voidable for other reasons stated by the trial court, but it is not necessary to review them. The actual and continued possession of the lots by the mortgagor for more than twenty years, beginning before the mortgage was executed and extending to the time of trial, afforded sufficient evidence that the mortgage was a lien to permit the mortgagee to attack the tax deeds.

The judgment of the district court is affirmed.