No. 22,500.

GEORGE FILE, *Appellee,* v. LIZZIE CONZELMANN et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. PURCHASE OF REAL ESTATE—*Title Taken in Name of Wife—Resulting Trust in Favor of Husband—Pleadings.* A demurrer to a petition was overruled, although an essential allegation was lacking. In a trial without a jury testimony to support such an allegation was admitted over objection. Pending the decision of a demurrer to the plaintiff's evidence the court permitted the petition to be amended to conform to such testimony. *Held,* that no reversible error was committed, inasmuch as the defendants were not denied an opportunity to make a full showing, and do not appear to have suffered any substantial prejudice.

2. SAME—*Evidence.* In an action in which one of the issues was whether a husband in causing a deed to be made to his wife, who had since died, was actuated by a fraudulent intent, his testimony that his purpose was not to defraud creditors, but to enable his wife to handle the property during his sickness, was not open to objection under the rule relating to transactions had with a person since deceased.

3. SAME—*Evidence.* The evidence held to be sufficient to support the judgment.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed February 7, 1920. Affirmed.

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellants.

*R. W. Turner,* and *Donald F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

MASON, J.: In January, 1903, George File negotiated the exchange of eighty acres of land which he owned, with $1,500 boot money, for a quarter section, the deed to which he caused to be made out to his wife. A year or so later he and his family moved upon the land so acquired, where they resided until the death of his wife, intestate, in 1917. The next year he brought an action against the heirs of his wife asking that he be decreed to be the owner of the tract, on the ground that,

without any fraudulent intent on the part of either, his wife had agreed with him to hold it in trust for him. Judgment was rendered in his favor, and the defendants appeal.

1. The petition in the form in which it existed when the case came to trial alleged that the plaintiff's wife had held the title in trust for him, but did not allege that this was by agreement and without fraudulent intent—allegations which were necessary to bring the case within the statutory exception to the rule against the creation of oral trusts with respect to realty. (Gen. Stat. 1915, § 11681; *Garten v. Trobridge,* 80 Kan. 720, 104 Pac. 1067.) The trial court overruled a demurrer to this pleading and also an objection to the admission of any evidence under it. Pending the hearing of a demurrer to the plaintiff's evidence the plaintiff was permitted to amend his petition to conform to the evidence, and the omitted allegations were then added. The defendants claim that inasmuch as they had made timely objections to the evidence referred to, the amendment ought not to have been permitted, and could not be regarded as curing the defect. They cite in support of this contention *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 894. There the amendment was made after the return of a verdict by a jury. Here the trial was by the court, and the pleading was amended before the defendants began the introduction of evidence. No opportunity to meet the issue was denied them, and we regard it as clear that they suffered no prejudice from the amendment, which removed the objections previously made to the pleading. (*Sutter v. Harvester Co.,* 81 Kan. 452, 456, 106 Pac. 29; *Wolf v. Wolf,* 88 Kan. 205, 128 Pac. 374.) Later the court permitted the plaintiff to reopen the case for the introduction of further evidence on the subject, and this is complained of. The order was within the discretion of the court and does not appear to have worked any hardship on the defendants, inasmuch as they were not cut off from a further showing on their part.

2. The plaintiff testified to his reasons for having the deed made to his wife, saying that he had had no intention or desire to hinder, delay or defraud his creditors; that having been in ill health his purpose had been that she should manage the land and look after it during his illness. This testi-

File v. Conzelmann.

mony is objected to as violating the rule concerning transactions with persons since deceased.  (Civ. Code, § 320, Gen. Stat. 1915, § 7222.)   We do not regard it as within the scope of that rule.   It related to a transaction between the witness and his wife, who had since died, but did not involve the statement of anything said between them, of anything done by her, or of any specific act on his part of which she would necessarily have been aware.   If she had been alive she might have been able to give testimony tending to support a contrary inference, but she could not have directly contradicted his statements.

3.   The defendants urge that the evidence does not support the decision.   The vital matters were the absence of fraudulent intent and the making of an agreement that the wife should hold the land in trust for the plaintiff.   His testimony already referred to was some evidence of good faith. The agent for the seller, who negotiated the deal by which the land was acquired, testified that while the negotiation was in progress he heard the wife say that she would take it and deed it back to her husband any time he wanted it.   This was evidence of an actual agreement.   Other evidence of a contrary tendency was introduced from which different conclusions might have been reached upon the various matters in controversy, but the decision of the tribunal which heard the oral testimony must be accepted as final, and as resolving all the issues in favor of the plaintiff.   It is contended that something more than a mere preponderance of the evidence was required to sustain the plaintiff's case, but the court must be deemed to have applied the correct rule in that regard, whatever it may be.   (*Jackman v. Development Co.,* ante, p. 59.)

The judgment is affirmed.