[Civil No. 1994.   Filed July 29, 1922.]

[207 Pac. 987.].

# SOUTHERN CASUALTY COMPANY, a Corporation, Appellant, v. J. F. JOHNSON, Appellee.

1. INSURANCE—AUTOMOBILE INSURANCE AGAINST COLLISION DOES NOT COVER DAMAGES FROM OVERTURNING WITHOUT COLLISION.—A policy insuring an automobile against collision does not cover damage resulting from the overturning of the automobile when it ran up on to a bank alongside the road and overturned without colliding with any object.

2. INSURANCE — AUTOMOBILE INSURANCE AGAINST COLLISION COVERS DAMAGES FROM UPSET CAUSED BY COLLISION. — A policy insuring an automobile against damage by collision covers damages which resulted when the automobile overturned if the cause of the upset was a collision.

3. INSURANCE—AUTOMOBILE INSURANCE AGAINST "COLLISION" WITH VEHICLES OR OTHER OBJECTS INCLUDES COLLISION WITH EMBANKMENT.—Within a policy insuring an automobile against collision with vehicles or other objects, "collision" has its usual meaning of striking together or striking against, and the policy includes the case of an automobile striking against any other object, whether that object be standing or in motion, under the exception to the rule of *ejusdem generis*, where the particular term includes the whole genus, as does the term "vehicle," so that such policy authorizes recovery for a collision with the embankment alongside the road.

4. APPEAL AND ERROR — PERMITTING AMENDMENT TO CONFORM TO PROOF ADMITTED WITHOUT OBJECTION DOES NOT REQUIRE REVERSAL UNLESS PREJUDICIAL.—Even if it was error to admit evidence over the objection that it was not sustained by the allegations of the complaint, the subsequent permission to amend the complaint to conform to the proof so amended does not require reversal of the case in the absence of a showing that the amendment surprised or prejudiced defendant, in view of Civil Code of 1913, paragraph 422, providing that all pleadings or proceedings

For authorities discussing the question of automobile liability insurance in general, see notes in Ann. Cas. 1915A, 627; Ann. Cas. 1917D, 53; Ann. Cas. 1918D, 540; 44 L. R. A. (N. S.) 73; 51 L. R. A. (N. S.) 584; L. R. A. 1915E, 580; L. R. A. 1917F, 615.

On insurance covering damage to automobile by accident or collision, see note in 14 A. L. R. 188.

may be amended at any stage of the action, especially where no claim of surprise was made when the amendment was allowed, and when a continuance was later granted to permit defendant to produce further testimony, but it failed to do so.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Affirmed.

Mr. Leslie C. Hardy, for Appellant.

Mr. S. F. Noon, for Appellee.

McALISTER, J.—This is an action on a policy of automobile insurance issued to Bir Singh and J. F. Johnson, of Nogales, Arizona, on September 10, 1920, by the Southern Casualty Company, upon a certain seven-passenger Hudson car, model 1920 "O," for the sum of $3,000. From a judgment for plaintiff for the full amount prayed for, together with $450 statutory damages, $150 attorney's fee, and costs, and an order overruling appellant's motion for a new trial, it has brought the case here for review.

An indorsement that, in consideration of an additional premium of $31, the policy also covers damages to the automobile "by being in accidental collision during the period insured with any other automobile, vehicle or object," was attached to the policy, which contained the usual provisions, among them being one stating that within sixty days after loss or damage the assured "shall render a statement to the company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss and damage, the interest of the assured and of all others in the property, the amount of damage and the amount claimed." In the original complaint, upon which appellee went to trial, neither a compliance with this provision nor a waiver of its terms was pleaded, but at the conclusion of his evidence the court permitted him to amend his complaint

to conform to his proof, introduced over objection, that appellant had waived the filing of the proof of loss.

The first two assignments challenge the sufficiency of the evidence to support the finding, and the judgment based thereon, that the automobile was injured by being in an accidental collision with the canal embankment. It appears from the testimony that the car was sold by Johnson to Bir Singh, and $500 paid on the purchase price, both parties becoming coinsurees under the policy, though Bir Singh transferred his interest in it to Johnson before suit was filed; that Bir Singh drove the car to the Imperial Valley, California, where it was to be used, and that within two weeks thereafter, to wit, on September 24th, he had an accident while driving along the highway from Brawley to El Centro, in that state, which resulted in the car's being overturned and greatly damaged; that on the side of and paralleling the road on which he was driving is the embankment of the Brawley main canal, which is six or eight feet high, and made of earth and other material taken from the canal, and that the highway, according to custom in that valley, consists of two parallel roads, separated by a raised border, so that one side may be flooded in dry seasons without impairing the passability of the other; that Bir Singh, accompanied by one Golab Singh, was driving in a northeasterly direction from Brawley on the road to the right and next to the embankment, when a car driven by a Japanese on the road to his left came up from the rear, but before overtaking him crossed over to the road on which he was traveling and passed him, and, in order to prevent being run into, he swerved his car, then running about twenty-five or thirty miles an hour, slightly to the right. At this point the contentions diverge, appellant claiming that the evidence discloses that when the car swerved to the right it ran ''upon and along or over the em-

bankment, and in returning to the highway upset or turned over, and that the injury to the automobile was occasioned by its upsetting or turning over," while appellee contends that the testimony shows that it ran into the embankment, which was rough and almost perpendicular at this point, and was overturned. In other words, it is appellant's position that there was no collision with the embankment, but rather a "running upon and along or over it," resulting in the upsetting and overturning of the car, whereas appellee claims that the automobile did collide with the embankment, and that the collision was the cause of the tip-over.

The court found the fact to be as claimed by appellee, and appellant challenges the sufficiency of the testimony to support this finding, basing its contention upon two letters written by Bir Singh just after the accident and an affidavit signed and sworn to by him on November 9th, thereafter, in which language is used justifying its position. But the version of the accident accepted by the court and relied on by appellee to support its finding is given in the deposition of Bir Singh, and corroborated in certain important particulars by the testimony of several other witnesses who arrived at the scene of the accident shortly after it occurred, and whose depositions describe the condition of the car and the embankment as they appeared at that time. It will serve no useful purpose to give in detail the conflicting testimony on this point; it is sufficient to say that under it the court could have come to either conclusion, that there was or that there was not a collision with the embankment which caused the upset and damage to the car, and the finding would have had substantial support.

The conclusion reached, therefore, is determinative of the insurer's liability, because recovery is sought solely under the provision of the policy rendering the insurance company liable for damage to the auto-

mobile "by being in accidental collision . . . with any other . . . object," and necessarily a finding that "the automobile accidentally collided with an embankment of earth, . . . and as a result thereof it was damaged," establishes liability, while a finding that the damage resulted from an upset or tip-over caused by the automobile's being run "upon and along or over" an inclining embankment, as claimed by appellant, would not, according to the authorities, bring the accident among those insured against, for the reason that an upset and collision are not regarded as the same. This question was discussed as follows by the Supreme Court of Wisconsin in *Bell* v. *American Insurance Co.,* 173 Wis. 533, 14 A. L. R. 179, 181 N. W. 733, where the testimony disclosed that the driver of an automobile was endeavoring to turn his car, and, while doing so, backed it upon soft ground where it gradually settled and tipped over:

"While it is true that insurance contracts should be construed most strongly against the insurer, . . . yet they are subject to the same rules of construction applied to the language of any other contract. It is a fundamental rule [of construction] that the language of a contract is to be accorded its popular and usual significance. It is not permissible to impute an unusual meaning to language used in a contract of insurance any more than to the language of any other contract. The incident causing the damage to the automobile here in question is spoken of in common parlance as an upset or tip-over. If it were the purpose to insure against damage resulting from such an accident, why should not such words, or words of similar import, have been used? We cannot presume that the parties to the contract intended that an upset could be construed as a collision in the absence of a closer association of the two incidents in popular understanding."

To the same effect are the following: *Moblad* v. *Western Indemnity Co.,* 53 Cal. App. 683, 200 Pac.

24 Ariz.—15

750; *Stuht et ux.* v. *United States Fidelity & Guaranty Co.,* 89 Wash. 93, 154 Pac. 137.

However, an upset or tip-over resulting in damage may itself be caused by a collision, and, where this is true, the insurer is just as liable under an "accidental collision policy," as though the damage had resulted directly from the collision, because the injury to the car is as much due to the collision, though indirectly, as if the upset had not occurred. Even in those policies containing a provision excluding damage resulting from collision, due wholly or in part to upsets, a recovery cannot be defeated where the upset is the result of a collision, 14 R. C. L. 1274; *Harris* v. *American Casualty Co.,* 83 N. J. L. 641; Ann. Cas. 1914B, 846, 44 L. R. A. (N. S.) 70, 85 Atl. 194. Such a "policy does not mean that where a collision has first taken place there can be no recovery because as the result of the collision the machine is upset." Babbitt on Motor Vehicles, 2d ed., 788; *Universal Service Co.* v. *American Ins. Co.,* 213 Mich. 523, 14 A. L. R. 183, 181 N. W. 1007.

As used in this policy, the word "collision" has its usual meaning of "striking together, or striking against," and includes the case of an automobile striking against any other object, whether that object be standing or in motion, or whether it be another automobile, vehicle, some similar object, or something altogether different, because the rule of *ejusdem generis* does not apply, but rather the exception to it, which gives general words following particular words including all of their class a meaning different from that of the specific words. As said in *Bell* v. *American Ins. Co., supra:*

"By the rule of construction known as *ejusdem generis,* general words following particular words are limited to other species of the same genus. 'The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. The

rule is based on the obvious reason that if the Legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes.' 36 Cyc. 1120. It has been held that the rule does not apply where the specific words embrace all objects of their class so that the general words must bear a different meaning from the specific words or be meaningless. *United States Cement Co.* v. *Cooper,* 172 Ind. 599, 88 N. E. 69. We think the reason supporting the rule also dictates the exception, and that the exception applies to the words of this policy provision. Unless the word 'object' as here used be construed as including an object of a different class, it is meaningless, as the term 'vehicle,' it seems to us, includes every species within the genus. We are disposed to construe this provision as sufficiently broad to include a collision with objects other than automobiles or vehicles.''

The complaint had failed to plead either a compliance with the provision of the policy requiring appellee to render the company, within sixty days after loss or damage, verified proof of the same, or facts showing a waiver of it, yet evidence of the latter was received during the trial, over appellant's objection that there was not in appellee's pleading any allegation upon which to base it, and at the conclusion of his testimony he was permitted to amend his complaint to conform to this proof, which disclosed that the agent of the company at Nogales, Arizona, who had written the policy, one J. C. Barnes, and, through him, the company itself, had been notified of the accident immediately after it occurred, and that appellee was told by him soon thereafter that the company was working on the adjustment, and that it would not be necessary for him to file proof of loss, or, to use the language of appellant's counsel, ''it cannot be disputed that J. C. Barnes, the local agent of appellant, gave appellee to understand that the making and filing of the proof of loss, as provided by the policy, would not be required.'' The objection is

not to the sufficiency of the evidence to prove a waiver, but to the action of the court in permitting an amendment to conform to proof erroneously admitted because not founded upon any averment in the complaint and seasonably objected to upon this ground. There are a number of authorities upholding this view. See *Mendenhall* v. *Harrisburg Water Co.*, 27 Or. 38, 39 Pac. 399, and 31 Cyc. 452, with citations in the note. There is no claim, however, that by permitting the amendment appellant was surprised, prejudiced or deprived of any defense, but merely that an abstract rule of procedure was not followed. In a situation of this kind the following language of the Supreme Court of Kansas in *Snider* v. *Windsor,* 77 Kan. 67, 93 Pac. 600, applies with force:

"If, however, we should concede that the allowance of the amendment was technically erroneous, still the substantial rights of the defendants were not affected thereby. The issue between the parties appears to have been fully and fairly tried, and no complaint is made of the final result. In this situation the language of Mr. Justice BURCH in *Hopkinson* v. *Conley,* 75 Kan. 65, 88 Pac. 549, is pertinent: 'If it be conceded that the rules of procedure have been violated in this case the judgment cannot for that reason alone be overturned. The Legislature has enjoined upon this court the duty of looking beyond defects and errors in pleadings and proceedings to ascertain if they did in fact affect the substantial rights of the party complaining of them. Fixed rules are to be observed and enforced, but not merely for the purpose of vindicating them. Harm must result from a wrong decision or it cannot be reversed.' 'The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.' Code, § 140; Gen. Stats. 1901, § 4574.''

See the following: *Jordan* v. *Greig,* 33 Colo. 360, 80 Pac. 1045; *Louisville & S. I. Traction Co.* v. *Lot-*

*tich,* 59 Ind. App. 426, 106 N. E. 903; *Guidery* v. *Green,* 95 Cal. 630, 30 Pac. 786; *Seely* v. *Stoltz's Inc.,* 32 Cal. App. 458, 163 Pac. 681; *File* v. *Conzelmann,* 106 Kan. 345, 187 Pac. 878; *Bishop* v. *Baisley,* 28 Or. 119, 41 Pac. 936; *Wolf* v. *Wolf,* 88 Kan. 205, 128 Pac. 374; *Firebaugh* v. *Burbank,* 121 Cal. 186, 53 Pac. 560.

The statutes of Arizona are very liberal on the amendment of pleadings. Paragraph 422, Revised Statutes of 1913, provides that—

"All pleadings or proceedings may upon leave of the court be amended at any stage of the action within such time as the court may prescribe."

And this court said in *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53, that in this state "it is common practice to allow amendments to conform to the proofs at any stage of the proceedings." It is a matter largely within the discretion of the trial court, and, unless it clearly appears that there has been an abuse of this discretion, it is not the province of this court to interfere. *Consolidated Canal Co.* v. *Peters,* 5 Ariz. 80, 46 Pac. 74; *Gartlan* v. *C. A. Hooper & Co.,* 177 Cal. 414, 170 Pac. 1115. What prompted the court to admit, under the circumstances, the evidence complained of does not appear; but, having received it, and in consequence of its import learned that a correct determination of the issues could not be had without a pleading upon which to base it, there was no error in permitting an amendment having that effect.

"Granting an amendment during the progress of the trial is not prejudicial where there was no claim of surprise and no continuance was asked for." 4 C. J. 945.

See *Kanner* v. *Startz* (Tex. Civ. App.), 203 S. W. 603, above; *Steketee* v. *Waters,* 193 Mich. 177, 159 N. W. 368. No claim of surprise, however, was made when the amendment was allowed, but a continuance

was asked for and granted for a period of ten days, after the evidence was all in, to permit appellant to produce further testimony. None, however, was introduced, and the case was decided on the facts already before the court.

No error appearing, the judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.