ROYAL HAWAIIAN SALES COMPANY, LIMITED, AND T. R. ANCHETA *v.* HOME INSURANCE COMPANY OF HAWAII, LIMITED.

No. 1449.

SUBMISSION UPON AGREED FACTS.

SUBMITTED JUNE 4, 1923.                    DECIDED AUGUST 6, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

AUTOMOBILE INSURANCE—*construction of a policy—collision clause.*

An insurer is not liable to the insured under a collision clause in its policy indemnifying the insured against "direct loss or damage * * * caused by accidental collision * * * with any object" where the damages to the automobile covered were caused by it becoming unmanageable, leaving the road over which it was traveling and falling to the bottom of an adjoining gulch.

SAME—*concurrent causes of loss.*

Where two causes of loss concur, one at the risk of the insured and the other insured against, if the damage caused by each peril can be discriminated it must be borne proportionately.

OPINION OF THE COURT BY PETERS, C. J.

The parties hereto, being the insurer and insured respectively of an automobile damaged by several causes, have submitted their differences as to the liability of the insurer therefor, pursuant to the statute, upon an agreed statement of facts the pertinent portion of which is as follows:

"That on July 10, 1922, at about 10:30 o'clock P. M., T. R. Ancheta" (one of the insured) "was driving said automobile toward Hilo from Hakalau, and as he was rounding a curve in the road near Honolii Gulch on a down grade, traveling at a lawful rate of speed and without fault in him, the tire and rim came off the left front wheel of his car, causing said car to become unmanageable and to swerve toward the gulch. Finding it impossible to

control the car he jumped out, and the car went over the side of the gulch and to the bottom where it lodged upside down. Two or three minutes later the car was seen to be on fire, and it was completely consumed by said fire. The car was not on fire when it left the road, and was not seen to be on fire until after it had lodged on the bottom of the gulch, upside down. Between the time said car left the road and the time it was seen to be burning, no act of any person intervened to cause said automobile to catch fire, but said fire was in some unknown manner caused by the fact that the car was upside down in the bottom of the gulch, which position was due to the fall into the gulch. It is agreed that if said car had not caught fire and burned up it would have been worth $350.00 as it lay in the bottom of the gulch, and that it had no value whatever after the fire. It is further agreed that said car, immediately prior to leaving the road, was worth $700.00."

The policy of the insurer indemnified the insured against loss or damage by fire and by collision.

The insured claim that they are entitled to recover the agreed value of the car as it existed on the road prior to the accident under both the fire and collision clauses of their policy with the insurer. On the other hand, the insurer contends that the circumstances under which the automobile left the road and found its way to the bottom of the adjoining gulch were not a "collision" within the meaning of that term as employed in the "collision clause" of its policy, that the only risk insured against was that of loss or damage by fire and that it is only liable to the insured for the agreed value of the automobile as it lay upside down at the bottom of the gulch and immediately prior to the concurrence of the fire.

The collision clause of the policy reads as follows: "In consideration of an additional premium of $27.00 this policy also covers subject to its other conditions, damage to the automobile and/or equipment herein described in excess of $100. * * * by being in accidental collision dur-

ing the period insured with any other automobile, vehicle or object \* \* \*."

The damages occasioned the automobile by leaving the road and falling into the adjoining gulch were not the result of a "collision" as that term is used in the policy under which the insured claim. No claim is made that the automobile in falling came in contact with or was damaged by any tree or similar perpendicular obstruction. It is the impact of the automobile with the earth at the bottom of the gulch upon which the insured rely to sustain the claim that the automobile was injured by being "in collision" with an "object." This court has held to the contrary in the case of *Alexander* v. *Home Ins. Co.,* ante p. 326.

The policy indemnified the insured against "direct loss or damage caused \* \* \* by \* \* \* fire arising from any cause \* \* \*."

The insured assumed the risk of the automobile leaving the road and falling to the bottom of an adjoining gulch. Of the two causes of damage fire alone was covered. The policy indemnifies the insured against "direct loss or damage caused \* \* \* by \* \* \* fire arising from any cause whatsoever." Were the causes of damage successive it is obvious that the liability of the insurer would be limited to the amount of damages caused by the fire. This is equally so where the causes of damage are concurrent and the damages caused by the several causes have been discriminated and the proper share assigned to each. Before the concurrence of the fire the effect of the prior disaster was complete. The parties have agreed upon the value of the automobile before it left the road and its value thereafter and before the concurrence of the fire. The effects of the fall are distinct from the effects of the fire. The amount of the loss caused by the fall and that caused by the fire were distinctly ascertained. The insurer is chargeable

only with the amount of loss caused by the fire which, according to the agreed statement of fact, is $350.   See *Insurance Co.* v. *Transportation Co.*, 12 Wall. (U. S.) 194.

A judgment in conformity with the foregoing opinion will be signed upon presentation.

*Huber & Kemp* for plaintiffs.

*Robertson & Castle* for defendant.