# W. SUTHERLAND *v.* HAWAIIAN INSURANCE & GUARANTY COMPANY, LIMITED.

## No. 1662.

### SUBMISSION UPON AGREED FACTS.

ARGUED APRIL 12, 1926.                    DECIDED APRIL 26, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

AUTOMOBILE INSURANCE—*collision clause.*

> When an automobile which is being driven along a highway suddenly leaves the road from a solely accidental cause and rolls on its four wheels a distance of 136 feet down a steep declivity and is finally brought to a stop by impact with a tree or trees standing on the side of the declivity, it is a collision with an ·object within the meaning of the collision clause of the policy of insurance which provides for indemnity against loss by reason of damage to or destruction of the automobile caused solely by accidental collision with another object, either moving or standing.

OPINION OF THE COURT BY BANKS, J.

This case is submitted on the following agreed statement of facts: "W. Sutherland, of Papaikou, South Hilo, Hawaii, named herein as plaintiff, and Hawaiian Insurance & Guaranty Company, Limited, a domestic insurance company having its principal place of business in Hilo, Hawaii, named herein as defendant, respectfully represent to the court and stipulate as follows:  I.  That on and prior to September 26, 1925, the said plaintiff was, and still is, the owner of one Standard-Six Studebaker automobile, with its accessories; II.  That on September 26, 1925, the defendant herein, for the consideration therein named, issued to the plaintiff herein a policy of insurance covering loss or damage to the automobile thereby insured caused by fire arising from any ·cause whatsoever, and at the same time and in connection there-

with, and as a part of said policy and for the consideration therein named, issued to the plaintiff herein an automobile collision certificate whereby the said defendant agreed to indemnify the plaintiff herein against loss occasioned to said automobile by reason of damage to or destruction of the same, including its equipment, 'if caused solely by accidental collision with another object, either moving or stationary,' true copies of said policy of insurance and of said collision certificate attached thereto being hereto attached, made a part hereof by reference, and marked 'Exhibits A' and 'B' respectively; III.   That on the 4th day of October, A. D. 1925, and after and while the said policy of insurance and collision certificate were in full force and effect, the wife of the plaintiff herein, under the direction of a licensed driver, to wit, the plaintiff herein, was in charge of the said car and driving the same at a lawful rate of speed on the public highway leading from Hilo to Papaikou; that plaintiff's wife was then and there a person unskilled in driving an automobile and was without the license required by the laws of the Territory of Hawaii of persons driving self-propelled vehicles, but was, at said time and place, being then and there instructed by the plaintiff herein in the art of driving the said automobile; that plaintiff's wife, while driving the said automobile at the said time and place had reached a point upon the said public road where on her left there was a high earthen bank, and immediately on her right and at a distance of about five feet from the macadamized portion of the highway a deep gulch known as the Honolii gulch, the bottom of which is the Honolii stream; that at the point in the said public road where the accident which is hereinafter more particularly described occurred there is a sharp descent, and the side of the gulch is there composed of earth, gravel and loose rock over which is grow-

ing a heavy undergrowth; that at the point where the sharp descent commences and for a distance of 136 feet the said gulch side descends at a grade of 73.55%; that at the end of said described descent there are several trees and immediately below these trees there is a perpendicular descent of 94 feet, at the end of which is another descent of 64 feet with a grade of 44.45%; that at the foot of this last mentioned slope there is the Honolii stream, the bottom of which is covered with boulders varying in weight from a few pounds to several tons; that the gulch side from the point where it commences at the edge of the public road is so steep as not to be available for passage by vehicles, either self-propelled or otherwise; that at the point on the public road above described the plaintiff's wife, while driving the plaintiff's car as aforesaid, saw an automobile approaching from the opposite direction, and, in order to avoid coming into contact with said approaching automobile, the plaintiff's wife swerved the car towards the righthand side of the road, but, being unskilled in the driving of cars as aforesaid, turned so far to the righthand side of the road that she caused the automobile to leave the road and to drive over the grassy portion separating the road from the gulch side, and, solely by accident, due to her lack of skill in driving as well as to her loss of control over the steering apparatus of the automobile, the said automobile slipped over the gulch side and over the sharp declivity above described, where, and because of the said steep declivity, it was impossible for her to regain control over said automobile, and the said automobile then and there rolled on its four wheels through the underbrush and down the gulch side, and would have finally reached the perpendicular declivity above described, and from there have been thrown to the bottom of the gulch and into the stream, and have there been totally destroyed, except for

the fact that, being unguided and out of control as afore-
said, it came into violent contact with and struck against
the said several trees immediately above the said per-
pendicular descent, and there remained until it was
finally recovered and hauled back to the said public road;
that at no time did the said automobile tip over or cap-
size; that the said automobile has suffered serious injury,
estimated and fixed by the parties hereto to be of the
amount of $500.00, all of which injury was occasioned
by and due to the sudden impact of the said automobile
with the said underbrush and with the said trees with
which it came in contact as aforesaid; IV. That notice of
said injury and damage was given to the defendant within
the time and in the manner provided for by said policy;
that upon these agreed facts a bona fide controversy has
arisen between the parties hereto which might be the
subject of a civil action, which controversy is hereby sub-
mitted to the supreme court of the Territory of Hawaii
upon the said stipulated facts and upon the following
disputed questions, namely: (a) upon these facts it is
the contention of the plaintiff that the damage sustained
by the said automobile was caused by a collision with a
stationary object within the meaning of said insurance
policy and said collision certificate; (b) upon these agreed
facts it is the contention of the defendant herein that
the injury and damage to the said automobile was not
caused by a collision within the meaning of said term as
used in said insurance policy and collision certificate;
wherefore the parties hereto submit the following con-
troversy to this honorable court for decision on the facts
herein stipulated, and pray (1) if the contentions of the
plaintiff herein, as hereinabove set forth, be sustained,
that judgment be entered in favor of the plaintiff and
against the defendant in the sum of $500.00, with costs;
(2) if the contentions of the defendant herein be sus-

tained as hereinabove set forth, that judgment be rendered against the plaintiff herein, and for costs."

It is the contention of the defendant that the question of law involved in these facts is settled in his favor by the decision of the circuit court of appeals of the ninth circuit in the case of *New Jersey Ins. Co.* v. *Young,* reported in 290 Fed. 155. Whether this is true depends largely on the degree of similarity between the facts of that case and the facts of the case at bar. In the case before the court of appeals the facts were as follows: "While Young was driving upon the public highway in Montana at about 30 miles an hour, and was crossing a coulee the front axle broke—'and thereupon the broken axle and frame of the car was let down to the earth and plowed into the earth with great force and violence; that the force and resistance with which the automobile thus met was sufficient to cause the same to pivot and over-turn; * * * that the said damage was caused by the resistance and impact with which the end of the broken axle and the front end of the car met when it thus came in contact with the earth after the breaking of the axle; * * * that immediately and for some time preceding the breaking of the axle the same was defective and was cracked, so as to substantially weaken the same; that this defect was unknown to the plaintiff and could not be detected by ordinary and careful observation.'" On these facts the court held that the insurance company was not liable and in that connection said: "It is accepted that the noun 'object,' as used in the collision clause, should be construed as including something of a different character from anything included in the specific words 'automobile' and 'vehicle,' and that the doctrine of ejusdem generis cannot properly be applied. But we are unable to construe the word 'collision' as including damage caused by the striking of the car upon the roadway after

the defective axle broke and let the car down. The automobile was being driven upon the highway. It did not come in contact with any object upon the road or roadway until after the defective axle broke, when the car dropped and the end of the broken axle plowed into the roadway itself, and the car, pivoting on the broken axle, turned over and was damaged. In a usual sense, an accidental collision between an automobile and another object means striking against something on the road; for instance, hitting a pedestrian, or a horse, or a cow perchance straying in the road, or a rock or stump upon the roadway, or a guard rail, such as is often placed in the road at points where repairs are being made, or where the automobile hits or rubs the side of a tunnel or embankment or bridge alongside or defining the road. In other words, we think the language of the contract, when accorded the ordinary and usual meaning that should govern, does not extend to the incident under consideration, where the proximate cause was the breaking of the defective axle, and damage was not by 'being in accidental collision' with an object." The law of this decision is that if an automobile through accidental causes is injured solely by impact with the ground it is not a collision with an object within the meaning of the insurance policy before this court. In that respect the decisions of this court are in harmony with it. (See *Royal Hawaiian Sales Co.* v. *Home Ins. Co.* 27 Haw. 333; *Alexander* v. *Home Ins. Co.,* 27 Haw. 326.) In that part of the opinion relating to objects on the road we think the court of appeals did not intend to limit the liability of the insurer to collisions with objects so located but only intended to give examples of what are objects on the road as distinguished from the road itself.

The facts in the instant case are quite different from those in the cause before the court of appeals. In the instant case the injury to the car was the result of its

collision, not with the ground but with trees that were growing on the side of a declivity or gulch and which were located some 136 feet from the highway. It cannot be denied that a tree is an "object" within the meaning of the insurance policy issued to the plaintiff. Neither can it be denied that if these "objects" had been within the boundaries of the road along which the automobile was traveling and the plaintiff's wife had lost control of the car, in the manner shown by the agreed facts, and had collided with them, the defendant would be liable under the policy. But the defendant contends that a proper construction of its policy of insurance excludes all "objects" except those within the road itself and that it is not liable for damage caused by a collision with an object outside of the road. To so interpret the contract would be to write into it something to which the parties did not agree and which from the very terms of the contract it is evident was not within their contemplation.

The clause of the policy which we are now considering is as follows: "In consideration of thirty-three & 30/100 dollars ($33.30), the conditions of this Certificate and the warranties of the assured set forth in the policy to which it is attached, the Hawaiian Insurance & Guaranty Company, Limited, of Hilo, hereby agrees: To indemnify the assured named in the said warranties against loss by reason of damage to or destruction of any of the automobiles enumerated and described in the said policy, including its operating equipment while attached thereto, if caused solely by accidental collision with another object either moving or stationary, excluding, however: (a) damage or destruction caused directly or indirectly by fire, (b) damage or destruction caused while any of the automobiles covered by this certificate are being operated in any race or speed contest or while being operated by any person under the age of sixteen years or

under the age limit fixed by law, and (c) damage or destruction to any tire due to puncture, cut, gash, blowout or other ordinary tire trouble; and excluding in any event damage or destruction to any tire unless caused in an accidental collision which also causes other damage or destruction to any of the automobiles covered by this certificate."

The part of the above clause relating to "objects" is very broad and expressly includes all objects, whether moving or stationary, and by implication includes all objects, whether on the road or outside of the road. If the insurance company had desired to limit its liability to collisions with objects within the road it should have said so in its policy. It did by certain exceptions, namely, a, b and c, place a limit on its liability. Under these exceptions it is not liable if the damage to or destruction of a car was caused by fire. It is not liable if the collision occurs while the automobile is being operated in any race or speed contest or is being operated by any person under the age of sixteen years or under the age limit fixed by law. It is not liable for damage to or destruction of any tire due to puncture, cut, gash, blowout or to other ordinary tire trouble unless the collision causing these injuries also resulted in other damage to or destruction of the car. Having thus specified in its contract the conditions under which it would not be liable the presumption is emphasized that it did agree to indemnify the plaintiff for damage or destruction caused by all other accidental collisions with objects, whether moving or stationary and whether such objects were in or outside the road.

This is the natural and reasonable construction of the contract and we therefore conclude that when the plaintiff's car came in violent contact with the trees that were growing on the side of the gulch it collided with an ob-

ject, as that term was intended in the policy of insurance.

It is also contended by the defendant that the proximate cause of the damage to the plaintiff's car was not the collision but the departure of the car from the road and its subsequent abandonment to the laws of nature and therefore it is not liable in this action.  It is argued that before defendant's liability attaches there must first be an accidental collision with an object and that it is only responsible for the damage that results from such collision.  The argument reduced to a syllogism would be— major premise: the defendant is liable to the plaintiff for damage to his car caused solely by an accidental collision with an object; minor premise: the proximate cause of the damage to plaintiff's car was not a collision but an anterior accident which placed it under the control of the law of gravity and thus precipitated it against an object, namely, a tree or trees; conclusion: defendant is not liable.  The soundness of the conclusion depends on the correctness of both the major and minor premises.  The major premise is certainly correct.  Let us examine the minor premise.  It is expressly stipulated in the statement of facts that the departure of the car from the road was solely accidental.  This was the first step in the sequence of events.  It was the primal cause of all that followed.  But for it the law of gravity would have remained innocuous.  But for it there would have been no collision and therefore no damage.  The violent and injurious collision of the car with the trees that stood in its way was the consequence of this initial cause.  It cannot be said, therefore, that the ensuing damage was not the direct result of the collision.  The impact of the car against the trees being the immediate cause of the damage, the only remaining inquiry is what caused the impact.  If it was the result of the car leaving the road

solely because of the accident the defendant's liability is apparent. The vice of the defendant's conclusion, therefore, is in the inaccuracy of its minor premise. The syllogism should be—major premise: the defendant is liable to the plaintiff for damage to the car caused solely by an accidental collision with an object; minor premise: solely from an accident plaintiff's car was caused to leave the road and collide with an object and was thereby damaged; conclusion: the defendant is liable.

There are several decisions of appellate courts in which the rights of the parties to collision contracts identical with or similar to the one now before the court have been construed. In none of these cases, however, were the facts altogether like the facts in the present case. It is contended by the defendant that the case of *Moblad* v. *Western Indemnity Co.*, 200 Pac. 750, is so similar in its facts to the case we are now considering that it is entirely applicable. The facts in that case were substantially as follows: While the plaintiff's automobile was being driven by a person over the age of twenty-one years along the Sky-line boulevard in Redwood canyon, Alameda County, California, the driver of said automobile, to avoid striking another automobile, swerved to the outer edge of the roadway and said roadway gave way causing said automobile to run down an embankment and after leaving said roadway to overturn and roll down the side of a mountain. In its descent to the bottom of the canyon it did not collide with or hit any tree or fence or other standing object on the ground. The court of appeals of California held that under these circumstances the insurance company was not liable. This conclusion is in harmony with the decisions of this court above cited.

The case most similar in principle to the case at bar is *St. Paul Fire & Marine Ins. Co.* v. *American Compounding Co.*, 100 So. 904. In that case the plaintiff's

car was standing on the crest of a hill, the rear wheels on level ground and the fore wheels on sloping ground. The car was headed downhill. It had stood thus with brakes on overnight. In the morning, while the operator of the car was sweeping it out, the car started, ran down the hill some ninety feet and off a precipice some twenty-five or thirty feet in height, landing head-on upon the rock bottom of an excavation. The supreme court of Alabama held as follows: "An automobile started by an external force, or by force of gravity on failure of the brakes to hold, and running uncontrolled against any object in its path, is in collision with such object. We think this court has had no intention to hold otherwise. To do so would withdraw from this collision clause a large class of perils clearly within its terms." We agree with this pronouncement of the law with the qualification that, as has already been decided by this court, the impact of the automobile with the bottom of the gulch, which was the fact in the Alabama case, was not a collision within the meaning of the policy. In other words, if the automobile in the Alabama case in its descent and before reaching the bottom of the gulch had been stopped by a collision with a tree or trees, we would consider that case and the instant case on a parallel.

Let judgment be entered for the plaintiff against the defendant in conformity with the stipulation of the parties in the sum of five hundred dollars and costs.

*Harry Irwin* (also on the brief) for plaintiff.

*C. S. Carlsmith* (also on the brief) for defendant.